UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>        Plaintiff,<br>    v.<br><br>NUANCE COMMUNICATIONS, INC, et al.,<br><br>        Defendants. | Case No.: 5:11-CV-05632 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SIXTH, NINTH, AND TENTH CLAIMS FOR RELIEF OF THE COMPLAINT**<br><br>**(Re: Docket No. 13)** |

## I.   INTRODUCTION

Defendant Nuance Communications, Inc. ("Nuance") moves to dismiss claims for relief alleged in the complaint of Plaintiff Krishna Reddy ("Reddy") pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Nuance moves to dismiss the sixth claim for relief for Fraud, Deceit and Civil Conspiracy, the ninth claim for relief for Intentional Infliction of Emotional Distress, and the tenth claim for relief for Unconstitutional Offshoring of Confidential Medical Information of the Citizens of the United States. Reddy opposes.[1] On February 28, 2012, the parties appeared for hearing.  Having reviewed the papers and considered the arguments of counsel, the court concludes

---

[1] In her opposition Reddy further cross-moves for a default judgment on the remaining causes of action in her complaint. Because this issue also is the subject of a separate motion set to hearing on March 27, 2012, *see* Docket No. 45, the court will defer consideration of the issue until that time.

1
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

that these claims are deficient as a matter of law. Nuance's motion to dismiss the sixth, ninth, and tenth claims for relief is GRANTED.

## II. BACKGROUND

In October 2007, Focus Informatics[2] ("Focus"), Nuance's predecessor-in-interest, hired Reddy within its "SWAT Team."[3] Later that year, Reddy became a "Team Leader" under the SWAT Team manager Eve Myers.[4] Reddy alleges that Myers harassed her, including name-calling, until Reddy complained to Focus Quality Manager Lee Ann Offord ("Offord").[5] Shortly thereafter, Reddy was transferred to another group within Focus, and was offered the position of "FTE DSP Qualifier."[6] The offer letter dated March 3, 2008 was the last signed, written agreement between Reddy and Focus.[7] Reddy alleges she expressed to Offord her interest in a managerial position, and that Offord gave her oral assurances.[8] In approximately August 2008, Offord stopped working for Focus, and was replaced by Catherine Dorchuck ("Dorchuck").[9] Subsequently, on numerous occasions, Reddy applied for various positions at Focus and Nuance, including managerial, supervisory, and director level positions.[10]

---

[2] *See* Docket No. 13.

[3] *See* Docket No. 1 ¶ 21. *See also* Docket No. 22 Ex. 1.

[4] *See id.*

[5] *See* Docket No. 1 ¶ 23.

[6] *See id. See also* Docket No. 22 Ex. 8.

[7] *See* Docket. No. 21 ¶ 8.

[8] *See* Docket No. 1. ¶ 24.

[9] *See id.* at ¶ 25.

[10] *See id.* at ¶¶ 26, 32, 34, 35, 36, and 39.

2
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

Reddy alleges that Edith Vargas ("Vargas") was promoted to Team Leader on the account that Reddy had been working on, despite Reddy's seniority.[11] Furthermore, Reddy alleges that Vargas started to assign Reddy Vargas' job functions, even though there was a significant difference in pay between the positions.[12] In October 2008, Reddy alleges that Dorchuck and Vargas started overstaffing accounts, which required Reddy to stay logged in for 13 hours in order to get 5 hours worth of work.[13] Reddy complained to Matthew Liptak ("Liptak"), the manager of the Human Resources Department at Nuance, that this practice violated the Fair Labor Standards Act.[14] Subsequently, Reddy alleges that Dorchuck began harassing her and created a hostile work environment.[15] Dorchuck provided Reddy with a memo accusing Reddy of "days not matching the schedule."[16] Reddy again complained to Liptak, and was told to speak with Jeanne Nauman ("Nauman") to discuss these issues.[17] On November 4, 2008, Reddy alleges that Dorchuck called her and was very rude, exacerbating the hostile work environment.[18] The conversation ended with Reddy requesting to speak to someone "higher up," and Dorchuck arranged for a phone conference with Nauman.[19]

---

[11] *See id.* at ¶ 26.

[12] *See id.*

[13] *See id.* at ¶ 29.

[14] *See id.*

[15] *See id.* at ¶ 30.

[16] *Id.*

[17] *See id.*

[18] *See id.* at ¶ 31.

[19] *See id.* at ¶ 32.

3

Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

On November 5, 2008, Reddy submitted a written complaint of discrimination and harassment to Focus and Nuance.[20] One week later, on November 12, 2008, Reddy discussed the complaint with Nauman and Richard Nardone.[21] Reddy supplemented her complaint and updated the issues on January 22, 2009.[22] On March 3, 2009, Reddy was advised that the internal investigation did not find any evidence of harassment or discrimination with respect to Reddy.[23] Reddy alleges that Paul Ricci, the Chairman and CEO of Nuance, failed to undo the illegal activities of the other employees, and thereby ratified the illegal conduct.[24]

On May 7, 2009, Reddy learned that she had been laid off, effective immediately.[25] Reddy applied for another position on June 8, 2009, but was rejected without being offered an interview.[26] On July 1, 2009, Reddy again applied for a position, but was not given an interview.[27] Reddy filed a complaint with the United States Equal Opportunity and Employment Commission ("EEOC"), and on August 23, 2011, the EEOC issued Reddy a Dismissal and Notice of Right to Sue letter.[28]

---

[20] *See id.* at ¶ 33.

[21] *See id.*

[22] *See id.*

[23] *See id.* at ¶ 36.

[24] *See id.* at ¶ 37.

[25] *See id*. at ¶ 38.

[26] *See id.* at ¶ 39.

[27] *See id.*

[28] *See id.* at ¶ 40. *See also* Docket No. 22 Ex. 58.

4
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

## III. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[29] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[30] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[32] Pro se complaints in particular must be construed liberally.[33] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[34] However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[35] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[36]

---

[29] Fed. R. Civ. P. 8(a)(2).

[30] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[31] *Ashcroft v. Iqbal,* __ U.S. _, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

[32] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[33] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[34] *See Metzler*, 540 F.3d at 1061.

[35] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[36] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

## B. Motion to Dismiss Pursuant to Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that a pleading alleging fraud or mistake state "with particularity the circumstances constituting fraud or mistake."[37] This requires the plaintiff to allege the details of the underlying transaction – the "who, what, when, where, and how" of the conduct averred – in a manner sufficient to provide defendants with adequate notice to defend against the charge.[38] The heightened pleading requirement applies to state law causes of action where fraud is a necessary element of the claim, as well as where plaintiff alleges a "unified course of fraudulent conduct," such that the entire claim "sounds in fraud."[39] A court treats a motion to dismiss a claim based on failure to allege fraudulent conduct with sufficient particularity "as the functional equivalent of a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6)."[40] Where plaintiff alleges additional claims not sounding in fraud, the court reviews those claims on a motion to dismiss under the ordinary notice pleading standards of Fed. R. Civ. P. 8(a).[41]

## IV.   DISCUSSION

### A. Sixth Claim for Relief – Fraud, Deceit and Conspiracy

Nuance contends that Reddy's fraud claim does not met the heightened pleading standard set forth in Rule 9(b), which applies equally to pro se plaintiffs.[42] In order to state a claim for fraud, Reddy must allege: "(1) a *false representation* or concealment of a material fact (or, in some cases,

---

[37] Fed. R. Civ. P. 9(b).

[38] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *Vess v, Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

[39] *Kearns* at 1103.

[40] *Id.* at 1107.

[41] *See id.* at 1105.

[42] *See Kelley v. Rambus, Inc.*, 384 Fed. Appx. 570, 573 (2010).

6
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

an opinion) susceptible of knowledge, (2) made with *knowledge* of its falsity or without sufficient knowledge on the subject to warrant a representation, (3) with the *intent* to induce the person to whom it is made to act upon it, and such person must (4) act in *reliance* upon the representation (5) to [her] *damage*."[43] A claim for "deceit" under California Civil Code Section 1709 similarly requires a plaintiff to plead that a defendant "willfully deceiv[ed]" the plaintiff "with intent to induce him to alter his position."[44]

In her complaint, Reddy alleges that Nuance forced her to perform the duties of a "Team Lead," while working under the title of "DSP Qualifier."[45] She furthermore alleges that she was paid at a rate of $18 per hour, while her colleagues received an annual salary between $50,000 and $60,000 per year.[46] Finally, Reddy alleges that Nuance "fraudulently denied the existence of [her] contract with Focus."[47] Reddy does not plead any facts, however, that show that Nuance made any false representations or concealments to her with the intent to induce action,[48] or that she actually relied on those false representations in altering her position. In order to support her claim for fraud, Reddy cites *Tuckish v. Pompano Motor Co.*, in which the court found that the plaintiff pleaded sufficient facts to assert a claim for fraud.[49] However, in that case, the plaintiff demonstrated that the car dealer failed to supply a "Used Car Buyer's Guide," which deceived the plaintiff into

---

[43] *S. Tahoe Gas Co. v. Hofmann Land Improvement Co.*, 25 Cal. App. 3d 750, 765 (Cal. Ct. App. 1972) (citations omitted).

[44] Cal. Civ. Code § 1709.

[45] *See* Docket No. 1 ¶ 62.

[46] *See id.*

[47] *See* Docket No. 20 at 12:16-20.

[48] *Cf. Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).

[49] *See Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004).

7
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint

believing that he was buying a new car, when in fact he was not.[50] Here, Reddy does not allege that Nuance or Focus provided false representations to her in order to induce Reddy to sign her employment agreement. Furthermore, Reddy does not allege any conduct by Nuance that she relied on to her detriment. Rather, Reddy alleges a discriminatory practice at Nuance, by which she was compensated at a rate significantly less than her peers. While this may support her first claim for relief – discriminatory employment practices by Nuance – it does not support her claim for fraud or deceit.[51]

Reddy's conspiracy claim also is not plausible as currently pleaded. Reddy alleges that employees of Nuance conspired to deny her the benefits of her employment, and to make her ineligible for rehire by Nuance.[52] But a corporation cannot conspire with itself any more than a private individual can,[53] and it is the general rule that the acts of a corporation's agent are the acts of the corporation.[54] All of the individual defendants were employees of and, according to the complaint, agents of Nuance. Because a corporation cannot conspire with its agents, Reddy fails to establish an actionable conspiracy claim.

Nuance's motion to dismiss the sixth claim for relief for fraud, deceit, and conspiracy is GRANTED.

---

[50] *See id.*

[51] Reddy cites the Sixth Circuit's decision in *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) in arguing alternatively that dismissal of fraud is disfavored where the underlying facts are within the defendant's control. But in a subsequent opinion the Sixth Circuit itself clarified that, *Michaels* notwithstanding, in all cases "allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999).

[52] *See* Docket No. 20 at 13:22-25.

[53] *See Wise v. S. Pac. Co.*, 223 Cal. App. 2d 50, 72 (1963).

[54] *See Kerr v. Rose*, 216 Cal. App. 3d 1551, 1564 (Cal. Ct. App. 1990) (citations omitted).

**B. Ninth Claim for Relief – Intentional Infliction of Emotional Distress ("IIED")**

To establish a claim for IIED, a plaintiff must allege (1) outrageous conduct, (2) intent to cause, or reckless disregard of the probability of causing, emotional distress, (3) severe emotional distress, and (4) an actual and proximate causal link between the tortious conduct and the emotional distress.[55] For conduct to qualify as outrageous, it must be so extreme that it "goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community."[56]

Reddy argues that the alleged conduct of Nuance employees and her wrongful termination is sufficiently outrageous conduct to state a claim for IIED.[57] But in her complaint, Reddy merely asserts that other employees acted "rude" to her[58] and that she was consistently passed over for managerial positions within Focus and Nuance.[59] Under California law, such conduct is insufficient to state a claim for IIED.[60]

While Reddy may be able to recover emotional damages as part of her claim for wrongful termination in violation of public policy, Reddy has not pleaded sufficient facts to sustain an

---

[55] *See Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 300 (1988).

[56] *Gomon v. TRW*, 28 Cal. App. 4th 1161, 1172 (1994).

[57] *See* Docket No. 1 ¶¶ 21-39.

[58] *See id.* at ¶ 31.

[59] *See id.* at ¶¶ 26, 32, 34, 35, 36, and 39.

[60] *See Gomon*, 28 Cal. App. 4th at 1172 ("insults, indignities, annoyances, petty oppressions or other trivialities will not suffice. The conduct must be such that it would cause an average member of the community to immediately react in outrage."); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) ("managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.").

independent claim for IIED. Nuance's motion to dismiss with respect to Reddy's IIED claim is GRANTED.

### C. Tenth Claim for Relief – Unconstitutional Offshoring of Medical Records of the Citizens of the United States

Reddy's final claim alleges Nuance deprived individual citizens of their constitutional right to privacy when it sent private medical records to India for transcription.[61] But a constitutional deprivation requires state action,[62] and Reddy has not alleged any facts by which one might plausibly conclude that Nuance is a state actor. Nor does Reddy establish any injury-in-fact and thus standing to challenge the alleged deprivation of the constitutional right to privacy of third parties whose records were sent outside the United States.[63] Nuance's motion to dismiss with respect to Reddy's constitutional claim is GRANTED.

## V. CONCLUSION

Nuance's motion to dismiss the specific claims for relief of the complaint is GRANTED. The court further DENIES Reddy's cross-motion for default judgment on her other claims. Finally, the court GRANTS Reddy leave to amend her complaint to adequately state a claim against Nuance with respect to those claims that are dismissed. Any amended complaint shall be filed no later than March 30, 2012.

**IT IS SO ORDERED.**

Dated:   3/2/2012                              _____
                                               PAUL S. GREWAL
                                               United States Magistrate Judge

---

[61] *See id.* at ¶ 73.

[62] *See Whalen v. Roe*, 429 U.S. 589, 598-600 n.23 (2003).

[63] *See Lujan v. Defenders of Wildlife*, 594 U.S. 555, 560-61 (1992).

10
Case No.: 11-05632 PSG
ORDER Granting Defendant's Motion to Dismiss the Sixth, Ninth, and Tenth Claims for Relief of the Complaint