1 | MICHAEL LAURENSON (SBN: 190023)
2 | JOSHUA B. WAGNER (SBN: 199570)
  | GORDON & REES LLP
3 | 275 Battery Street, Suite 2000
  | San Francisco, CA 94111
4 | Telephone: (415) 986-5900
  | Facsimile: (415) 986-8054

5 | mlaurenson@gordonrees.com
  | jwagner@gordonrees.com

Attorneys for Defendants
NUANCE COMMUNICATIONS, INC.,
PAUL RICCI
JEANNE NAUMAN
CATHERINE DORCHUCK
DIANE COFFEY
MATTHEW LIPTAK
JOHN HAGEN and
RICHARD NARDONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY, | **CASE NO. CV 11-05632(PSG)** |
| Plaintiff, | |
| vs. | |
| NUANCE COMMUNICATIONS, INC.; FOCUS INFOMATICS, INC.; PAUL RICCI; JEANNE NAUMAN; CATHERINE DORCHUCK; RICHARD NARDONE; JOHN HAGEN; MATTHEW LIPTAK; DIANE COFFEY; and DOES 1 through 100, inclusive, with the individual named defendants being sued both individually and also as the agents of the defendants FOCUS INFOMATICS, INC. and NUANCE COMMUNICATIONS, INC. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DECLARATION OF JOSHUA B. WAGNER** |
| Defendants. | |
| | Date:  March 27, 2012<br>Time:  10:00 a.m. |

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Paul Ricci, Jeanne Nauman, Catherine Dorchuck, Diane Coffey, Matthew Liptak, John Hagen and Richard Nardone (hereinafter referred to as "Individual Defendants") respectfully request that this Court deny Plaintiff's Motion for Default Judgment.

As a threshold matter, Plaintiff has not effected service on *any* of these individuals, and has therefore not properly invoked this Court's jurisdiction to enter default. Although the Clerk entered default against these Defendants on February 9, 2012, the entry of default was based on Plaintiff's misrepresentations as to service having been properly effected. As illustrated herein, Plaintiff has not effected service sufficient to establish personal jurisdiction over these individual defendants.

Second, a default judgment is a drastic remedy, and inappropriate here, as the balancing of the various factors militate against the relief Plaintiff seeks. The merits of Plaintiff's claim are weak at best, Plaintiff has already been ordered to amend her insufficient Complaint, Plaintiff is seeking thirty-one billion dollars in damages, the material facts are disputed, and Plaintiff will suffer no prejudice if the default is denied. Accordingly, and based on the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits, the Individual Defendants respectfully request that this Court deny Plaintiff's Motion for Default Judgment.

## II. RELEVANT FACTS

On November 21, 2011, Plaintiff Krishna Reddy ("Plaintiff"), proceeding in *pro se*, filed suit against her former employer, Nuance Communications, Inc., and the Individual Defendants, alleging: (1) Discriminatory Employment Practices, Harassment and Hostile Working Environment; (2) Tortious Wrongful Termination in Violation of Public Policy; (3) Breach of Contract; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Promissory Estoppel; (6) Fraud,

Deceit, and Civil Conspiracy; (7) Intentional and Negligent Interference with Contract and Prospective Economic Advantage; (8) Violation of California Labor Code Section 1050 and 1052; (9) Intentional and Negligent Infliction of Emotional Distress; and (10) Unconstitutional Off-shoring of Confidential Medical Information of the Citizens of the United States. In addition to injunctive relief, Plaintiff's prayer seeks thirty-one billion dollars in compensatory and punitive damages.

According to Plaintiff, her attempted service on the Individual Defendants was made by leaving a copy of the summons and Complaint with Ms. Nancy Newark, Legal Counsel – Employment, at Nuance Communications, Inc., at 1 Wayside Road, Burlington, Massachusetts 01803 and sending a duplicate copy of the summons and Complaint via certified mail to that address. *See* Docket No.: 25; Declaration of Krishna Reddy in Support of Request to Enter Default ("Reddy Decl."), ¶ 5; *see also* Docket 26-34.)

On January 5, 2012, Plaintiff advised counsel that she had accomplished service on December 30, 2012. (Declaration of Joshua Wagner ("Wagner Decl.", ¶ 2; Exhibit 1.) That same date, defense counsel requested that Plaintiff provide the proofs of service. (Wagner Decl., ¶ 3; Exhibit 2.) The following day, defense counsel was able to review the documents that Plaintiff indicated constituted service, and determined that service had not been validly accomplished. (Wagner Decl., ¶ 4.) On January 6, 2012, defense counsel sent a courtesy email to Plaintiff advising her of the defective service. (Wagner Decl., ¶ 5; Exhibit 3.)

On February 3, 2012, Plaintiff filed the proofs of service with respect to the Individual Defendants. (See Docket Nos.: 26-34.) That same day, Plaintiff filed a Request with the Clerk to Enter Default against the Individual Defendants (Docket No.: 25.) Notably, the Request for Entry of Default filed with the Clerk stated that each of the Individual Defendants had been served with a summons, and that the time allowed by law for responding had expired; and that each Individual

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT    CASE NO. CV 11-05632(PSG)

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 Defendant had failed to file a pleading or motion permitted by law; and that none
2 of the Individual Defendants were minors or incompetent.  (Reddy Decl: ¶¶ 3-9.)
3 On February 9, 2012, the Court Clerk entered default as to all of the Individual
4 Defendants, except Ms. Coffey.  (Docket No.: 37.)

5 On February 14, 2012, defense counsel filed an Objection as to the defective service of process and corresponding lack of jurisdiction with the Court.  (Docket No.: 39.)  The objection was predicated on (1) use of substitute service without any attempt at personal service; and (2) the mailing to a Massachusetts address which in no way could be construed as any of the Individual Defendants usual place of business.

In response, on February 22, 2012, Plaintiff filed a Reply to the Objection. (Docket No.: 50.)  Notably, Plaintiff conceded that no attempt at personal service was made, and instead argued that service by mail was adequate.

### III. LEGAL STANDARD

A defendant's default does not automatically entitle a plaintiff to a judgment. Granting or denying relief is within the court's sound discretion.  *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).  A default judgment may be refused where the court determines no justifiable claim has been alleged; or that a default judgment is inappropriate for other reasons.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) --no meritorious claim.  Indeed, where personal jurisdiction is contested, the court should assure itself *sua sponte*, that it has personal jurisdiction over defendant before entering default judgment. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213-214 (2nd Cir. 2010).  Further, default judgment is not appropriate where there is no basis for personal jurisdiction over non-appearing defendants.  *King v. Russell*, 963 F.2d 1301, 1306 (9th Cir. 1992).

As illustrated herein, there is no basis for personal jurisdiction over these Individual Defendants, and accordingly, the Court should decline to enter the default judgment as requested by Plaintiff.

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

## IV. PERSONAL JURISDICTION IS NOT SATISFIED AS PLAINTIFF HAS NOT PROPERLY SERVED INDIVIDUAL DEFENDANTS

### A. Plaintiff's Has Not Satisfied Federal Requirements for Service

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint] under Federal Rule of Civil Procedure rule 4. Without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 687 (9th Cir. 1988) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870, 108 S. Ct. 198, 98 L. Ed. 2d 149 (1987).

Rules 4(d) and (e) provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; (2) pursuant to state law; (3) by delivering a copy of the summons and complaint to the individual defendant personally; (4) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

According to Plaintiff, she attempted service under California law pursuant to Federal Rule of Civil Procedure Rule 4(e)(1). (See Docket No. 50: Reply to Objection, p.4:9-12.) However, this appears to be a misstatement as Rule 4(e)(1), does not authorize service under California law, but instead requires that a party attempting service mail a copy of the summons and complaint to the individual defendant with a notice and request for waiver. Although presumably Plaintiff will argue that she did mail a copy of the summons and complaint, it cannot be disputed

1  that Plaintiff failed to include a request for waiver as required by Rule 4(e)(1).
2  Accordingly, service was not accomplished as per Rule 4(e)(1).

### B. Plaintiff's Has Not Satisfied California Requirements for Accomplishing Service.

Given Plaintiff's reference to California law, it is more likely that she intended to accomplish service under Rule 4(e)(2), pursuant to state law, in this case California law. This is borne out by Plaintiff reference to the California Code of Civil Procedure. (See Docket No. 50: Reply to Objection p.4: 23-27.) Plaintiff invokes California Code of Civil Procedure sections 415.20 and 415.40.

As a threshold matter, under California law, Plaintiff has an obligation to exercise diligence in determining each Individual Defendants' status and address. *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1131-1133 (1996). Here, Plaintiff has not shown that she has made <u>any</u> efforts to locate the Individual Defendants, has not determined whether they are current or former employees of Nuance, and simply blindly attempted service by delivery and mailing to an address in Burlington, Massachusetts, a location with no apparent connection to any of the Individual Defendants, or the facts in this action, except that it is the corporate headquarters of Plaintiff's former employer.

#### 1. Service Ineffective Under California Civil Procedure § 415.20

Under California Code of Civil Procedure section 415.20, substituted service may be made in California by leaving a copy of the summons and complaint at the individual defendant's office, dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." However, Plaintiff has introduced no evidence that the address of Nuance's offices in Burlington, Massachusetts is any Individual Defendants "usual" place of abode, business, or mailing address. Accordingly, Plaintiff's efforts under 415.20 necessarily fail. See *Bonita Packing Co. v. O'Sullivan*, 165

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 F.R.D. 610, 613 (C.D. Cal. 1995); *Blundell v. County of L.A.*, 2009 U.S. Dist. LEXIS 71918, 9–12 (C.D. Cal. Aug 12, 2009).

Second, California law under section 415.20 requires that a Plaintiff exercise due diligence in attempting personal service prior to resorting to substitute service. All means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed.  "'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1390 (1992) (citing *Espindola v. Nunez,* 199 Cal. App. 3d 1389, 1392, (1988).  As noted above, Plaintiff has deliberately avoided undertaking any efforts to attempt personal service.  Accordingly, service under section 415.20 fails.

2.     Service Ineffective Under California Civil Procedure § 415.40

Under Code of Civil Procedure section 415.40, California allows for service on out-of-state residents by certified mail with return receipt requested.  As a threshold matter, Plaintiff simply assumes the Individual Defendants are out-of-state residents, and are thus able to be served pursuant to 415.40.  (See Docket No. 50: Reply to Objection, p.4: 22.)  Absent evidence that these Individual Defendants are out-of-state residents, Plaintiff can not effectuate service under section 415.40.

Second, and even more fatal to Plaintiff's contention, service under section 415.40 is not satisfactory to establish jurisdiction over an out-of-state resident. Jurisdiction must already be established pursuant to California's long arm statute showing that the party to be served has sufficient minimum contacts with California.  *See Cal. Code Civ. Proc* § 410.10; *Rocklin De Mexico, S. A. v. Superior Court,* 157 Cal. App. 3d 91 (Cal.App.3d Dist. 1984).  Personal jurisdiction over a corporation does not automatically establish personal jurisdiction over its officers, directors, agents and employees.  Each defendant's

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1 "contacts" with the forum state must be evaluated separately. *Calder v. Jones*, 465
2 U.S. 783, 790 (1984); *Mihlon v. Sup.Ct. (Murkey)*, 169 Cal.App.3d 703, 713
3 (1985). Notably, Plaintiff cannot show that the Individual Defendants have any
4 connection to California, and for that reason, service under 415.40 fails.

## V. BALANCING OF <u>EITEL</u> FACTORS FAVORS DEFENDANTS

Courts are often reluctant to grant default judgments because of public policy favoring trial on the merits. Some cases state "(j)udgment by default is a drastic step which should be resorted to only in the most extreme cases." *In re Baskett*, 219 B.R. 754, 756 (6th Cir. BAP 1998); see also *American States Ins. Corp. v. Technical Surfacing, Inc.*, 178 F.R.D. 518, 520 (D MN 1998) --default judgment appropriate only where there has been a "clear record of delay or contumacious conduct."

Under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), courts review the following factors in determining whether to grant a default judgment: (1) the substantive merits of plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* At p. 1471-1472. All of these factors militate against granting Plaintiff's requested relief.

The merits of Plaintiff's wrongful termination and related claims against Nuance, her former employer, are weak at best. However, they are dramatically flawed as to other Nuance employees. See *Reno v. Baird*, 18 Cal.4th 640, 663 (1998); *Sheppard v. Freeman*, 67 Cal.App.4th 339 (1998); *see also Graw v. Los Angeles County Metropolitan Transp. Auth.*, 52 F.Supp.2d 1152, 1157 (CD CA 1999). Plaintiff has already been ordered to amend her insufficient Complaint, which is likely to be subject to further Rule 12(b) motion practice by the Individual Defendants if they are ever properly served. The amount of damages sought,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

*thirty-one billion dollars*, however unlikely such an award may be, does not justify an entry of default judgment. Further, the material facts, to the extent they are not disputed, demonstrate that the claims against these Individual Defendants are likely to fail. Finally, Plaintiff will suffer no prejudice if the default is denied, as the litigation is in the earliest stages, and there can be no harm in permitting the action to proceed. Accordingly, and based on the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits, the Individual Defendants respectfully request that this Court deny Plaintiff's Motion for Default Judgment.

## VI. CONCLUSION

Based on the foregoing, Individual Defendants Paul Ricci, Jeanne Nauman, Catherine Dorchuck, Diane Coffey, Matthew Liptak, John Hagen and Richard Nardone all respectfully request that the Court deny Plaintiff's Motion for Default Judgment.

Dated: March 7, 2012                                    GORDON & REES LLP

By:  /s/ Joshua B. Wagner
Michael Laurenson
Joshua B. Wagner
Attorneys for Defendants
Nuance Communications, Inc., Paul Ricci, Catherine Dorchuck, Diane Coffey, Jeanne Nauman, John Hagen, Matthew Liptak and Richard Nardone

## DECLARATION OF JOSHUA B. WAGNER

I, JOSHUA B. WAGNER, do hereby declare as follows:

1. I am an attorney at law duly admitted and licensed to practice in the United States District Court for Northern District of California. I am a partner with Gordon & Rees LLP, 633 West Fifth Street, Los Angeles, California 90071, attorneys of record for Defendants Paul Ricci; Jeanne Nauman; Catherine Dorchuck; Diane Coffey, Matthew Liptak, John Hagen and Richard Nardone (hereinafter referred to as "Defendants") in the above-captioned matter. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently thereto. I submit this declaration in Support of Defendants Opposition to Plaintiff's Motion for Default Judgment.

2. On January 5, 2012, by email, Plaintiff advised my office that she had accomplished service on Defendants on December 30, 2012. Attached as Exhibit 1 is a true and correct copy of Plaintiff's January 5, 2012 email correspondence.

3. On January 5, 2012, by email, my office requested that Plaintiff provide the proof of service. Attached as Exhibit 2 is a true and correct copy of that January 5, 2012 email correspondence.

4. On January 6, 2012, my office reviewed the documents that Plaintiff indicated constituted service, and determined that service had not been validly accomplished under either Federal or California requirements.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5. On January 6, 2012, my office sent a courtesy email to Plaintiff advising her of the defective service. Attached as Exhibit 3 is a true and correct copy of that January 6, 2012 email correspondence.

I declare under penalty of perjury under the laws of the United States of America and the laws of the state of California that the foregoing is true and correct and that this declaration was executed at Los Angeles, California this 7th day of March, 2012.

      /S/  Josh Wagner
      JOSHUA B. WAGNER

EXHIBIT "1"

## Sat Sang Khalsa

**From:** K. Reddy [acaliforniannuance@gmail.com]
**Sent:** Thursday, January 05, 2012 2:10 PM
**To:** Sat Sang Khalsa
**Cc:** K. Reddy
**Subject:** Service of Summons and Complaint

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted. Could you please re-send it? Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons. When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day. But, you never did.

I called your office around 12/23/2011, but could not get hold of you. You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

Krishna Reddy
(760) 962-9959

3/5/2012

13

EXHIBIT "2"

## Sat Sang Khalsa

**From:** Sat Sang Khalsa [skhalsa@gordonrees.com]
**Sent:** Thursday, January 05, 2012 2:33 PM
**To:** K. Reddy
**Cc:** Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com
**Subject:** RE: Service of Summons and Complaint

Dear Ms. Reddy:

It's a surprise that you managed to permanently delete the message, since most email programs, including gmail, have an undelete feature. Nonetheless, I will resend the email message.

As you will see from the message, there is a further step required to effect a waiver of service, which under FRCP Rule 4 is the Plaintiff's obligation. Since some time has passed since we spoke, and you had yet to send the request for waiver form. As a courtesy, and recognizing your pro se status, we provided you with the appropriate format for the request.

From the outset, I have been clear with you that our firm is presently only representing Defendant Nuance and as per FRCP Rule 4 we are willing to waive service on Nuance's behalf. I have been looking into the status of the other defendants. Also, as to your inability to reach me, as you are aware, we recently concluded a stretch of holidays. I'm sure when you called my office of December 23, you must have listened to the voice messages stating that I was out until December 27. If you had left a message or sent an email, that would have been more effective.

In any case, if you have effectuated service, I would appreciate your providing a copy of the proof of service. Feel free to call if you have any questions.

Regards,

Sat Sang Khalsa

---

**From:** K. Reddy [mailto:acaliforniannuance@gmail.com]
**Sent:** Thursday, January 05, 2012 2:10 PM
**To:** Sat Sang Khalsa
**Cc:** K. Reddy
**Subject:** Service of Summons and Complaint

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted. Could you please re-send it? Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons. When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day. But, you never did.

I called your office around 12/23/2011, but could not get hold of you. You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

Krishna Reddy
(760) 962-9959

San Francisco * San Diego * Los Angeles * Sacramento * Orange County * Las Vegas * Portland * Seattle * Houston * Chicago * Phoenix * Dallas * New York * Long Island * Florham Park * Denver * Miami * Atlanta * Austin * Hartford

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**GORDON & REES LLP**
http://www.gordonrees.com

# EXHIBIT "3"

## Sat Sang Khalsa

**From:** Sat Sang Khalsa [skhalsa@gordonrees.com]
**Sent:** Friday, January 06, 2012 10:35 AM
**To:** K. Reddy
**Cc:** Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com
**Subject:** RE: Service of Summons and Complaint

Dear Ms. Reddy:

I understand that you have attempted to serve the various Defendants by sending a copy of the Complaint and Summons by certified mail. Unfortunately, under both FRCP rule 4 and the applicable California law that is not a valid manner of effecting service. (See LSJ Inv. Co., Inc. v. O.L.D., Inc. (6th Cir. 1999) 167 F.3d 320, 322-323; Cal. Code. Civ. Pro. §§ 415.10, 415.20, 415.30.)

We remain agreeable to accepting a waiver of service on behalf of Defendant Nuance Communications. At your preference, you are welcome to prepare a Notice of Lawsuit and Request for Waiver of Service of Summons which we will accept on behalf of Nuance.

Also, I am still looking into whether our firm will represent the other named defendants, and will advise you once that issue is clarified.

Regards,

Sat Sang Khalsa

---

**From:** Sat Sang Khalsa [mailto:skhalsa@gordonrees.com]
**Sent:** Thursday, January 05, 2012 2:33 PM
**To:** K. Reddy
**Cc:** Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com
**Subject:** RE: Service of Summons and Complaint

Dear Ms. Reddy:

It's a surprise that you managed to permanently delete the message, since most email programs, including gmail, have an undelete feature. Nonetheless, I will resend the email message.

As you will see from the message, there is a further step required to effect a waiver of service, which under FRCP Rule 4 is the Plaintiff's obligation. Since some time has passed since we spoke, and you had yet to send the request for waiver form. As a courtesy, and recognizing your pro se status, we provided you with the appropriate format for the request.

3/5/2012

From the outset, I have been clear with you that our firm is presently only representing Defendant Nuance and as per FRCP Rule 4 we are willing to waive service on Nuance's behalf. I have been looking into the status of the other defendants. Also, as to your inability to reach me, as you are aware, we recently concluded a stretch of holidays. I'm sure when you called my office of December 23, you must have listened to the voice messages stating that I was out until December 27. If you had left a message or sent an email, that would have been more effective.

In any case, if you have effectuated service, I would appreciate your providing a copy of the proof of service. Feel free to call if you have any questions.

Regards,

Sat Sang Khalsa

---

**From:** K. Reddy [mailto:acaliforniannuance@gmail.com]
**Sent:** Thursday, January 05, 2012 2:10 PM
**To:** Sat Sang Khalsa
**Cc:** K. Reddy
**Subject:** Service of Summons and Complaint

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted. Could you please re-send it? Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons. When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day. But, you never did.

I called your office around 12/23/2011, but could not get hold of you. You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

3/5/2012

19

Krishna Reddy
(760) 962-9959

San Francisco * San Diego * Los Angeles * Sacramento * Orange County * Las Vegas * Portland * Seattle * Houston * Chicago * Phoenix * Dallas * New York * Long Island * Florham Park * Denver * Miami * Atlanta * Austin * Hartford

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email; delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**GORDON & REES LLP**
http://www.gordonrees.com