1   MICHAEL LAURENSON  (SBN:  190023)
    JOSHUA B. WAGNER  (SBN:  199570)
2   GORDON & REES LLP
    275 Battery Street, Suite 2000
3   San Francisco, CA  94111
    Telephone:  (415) 986-5900
4   Facsimile:  (415) 986-8054

5   mlaurenson@gordonrees.com
    jwagner@gordonrees.com
6
    Attorneys for Defendants
7   NUANCE COMMUNICATIONS, INC.,
    PAUL RICCI
8   JEANNE NAUMAN
    CATHERINE DORCHUCK
9   DIANE COFFEY
    MATTHEW LIPTAK
10  JOHN HAGEN and
    RICHARD NARDONE
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15  KRISHNA REDDY,                    ) CASE NO. CV 11-05632(PSG)
                                      )
16                    Plaintiff,      )
                                      )
17        vs.                         )
                                      )
18  NUANCE COMMUNICATIONS, INC.;      ) **NOTICE OF MOTION AND**
    FOCUS INFOMATICS, INC.; PAUL      ) **MOTION TO SET ASIDE**
19  RICCI; JEANNE NAUMAN; CATHERINE   ) **DEFAULT;**
    DORCHUCK; RICHARD NARDONE;        )
20  JOHN HAGEN; MATTHEW LIPTAK;       ) **MEMORANDUM OF POINTS**
    DIANE COFFEY; and DOES 1 through 100, ) **AND AUTHORITIES IN**
21  inclusive, with the individual named ) **SUPPORT THEREOF [FRCP**
    defendants being sued both individually and ) **55(c)];**
22  also as the agents of the defendants FOCUS )
    INFOMATICS, INC. and NUANCE       ) **DECLARATION OF JOSHUA**
23  COMMUNICATIONS, INC.              ) **B. WAGNER**
                                      )
24                    Defendants.     )
                                      ) **Date:      April 24, 2012**
25                                    ) **Time:      10:00 a.m.**
                                      )
26  _____)

27

28

- 1 -
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT        CASE NO. CV 11-05632(PSG)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**TO PLAINTIFF KRISHNA REDDY PROCEEDING *PRO SE*:**

**PLEASE TAKE NOTICE** that on April 24, 2012 at 10:00 a.m., or as soon thereafter as this matter may be heard in the Courtroom of the Honorable Paul S. Grewal of the United States District Court for the Northern District of California, located at 280 South 1st Street, Courtroom 5, 4th Floor, San Jose, CA 95113, the Honorable Magistrate Judge Paul Singh Grewal presiding, Defendants, PAUL RICCI; JEANNE NAUMAN; CATHERINE DORCHUCK; DIANE COFFEY, MATTHEW LIPTAK, JOHN HAGEN and RICHARD NARDONE (hereinafter referred to as the "Individual Defendants") hereby move the Court for an order setting aside the Default entered by the Clerk on February 9, 2012.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, good cause exists to grant the relief sought as the default was entered based on improper service of process. Further good cause exists as due to the improper service, Plaintiff has not successfully invoked personal jurisdiction as to these Individual Defendants. Further, there will be no prejudice to Plaintiff if the relief is granted, and the Individual Defendants have good and meritorious defenses to the alleged claims for relief.

This Motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, the records and pleadings on file in this action, and upon such further evidence, either oral or documentary, as this Court will consider at the hearing on this Motion.

Defendants request oral argument at the motion hearing.

Dated:  March 7, 2012                    GORDON & REES LLP

By:   /s/ Joshua B. Wagner
          Michael Laurenson
          Joshua B. Wagner
          Attorneys for Defendants
Nuance Communications, Inc. Paul Ricci,
Jeanne Nauman, Catherine Dorchuck, Diane
Coffey, Matthew Liptak, John Hagen And
Richard Nardone

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 2 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Paul Ricci; Jeanne Nauman; Catherine Dorchuck; Diane Coffey, Matthew Liptak, John Hagen and Richard Nardone (hereinafter referred to as "Individual Defendants") respectfully request that this Court set aside the Clerk's entry of Default filed on February 9, 2012.  Good cause exists as default was entered based on Plaintiff's improper attempt to effectuate service against Defendants.  Plaintiff has not effected service sufficient to establish personal jurisdiction over Defendants.  Further, no prejudice will result to Plaintiff as this is early in the action, and Defendants have good and meritorious defenses to the claims for relief.

## II.   RELEVANT FACTS

On November 21, 2011, Plaintiff Krishna Reddy ("Plaintiff"), proceeding in *pro se*, filed suit against her former employer, Nuance Communications, Inc., and Defendants, alleging: (1) Discriminatory Employment Practices, Harassment and Hostile Working Environment; (2) Tortious Wrongful Termination in Violation of Public Policy; (3) Breach of Contract; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Promissory Estoppel; (6) Fraud, Deceit, and Civil Conspiracy; (7) Intentional and Negligent Interference with Contract and Prospective Economic Advantage; (8) Violation of California Labor Code Section 1050 and 1052; (9) Intentional and Negligent Infliction of Emotional Distress; and (10) Unconstitutional Off-shoring of Confidential Medical Information of the Citizens of the United States.  In addition to injunctive relief, Plaintiff's prayer seeks thirty-one billion dollars in compensatory and punitive damages.

According to Plaintiff, her attempted service on the Defendants was made by leaving a copy of the summons and Complaint with Ms. Nancy Newark, Legal Counsel – Employment, at Nuance Communications, Inc., at 1 Wayside Road, Burlington, Massachusetts 01803 and sending a duplicate copy of the summons

1   and Complaint via certified mail to that address.  See Docket No.: 25; Declaration

2   of Krishna Reddy in Support of Request to Enter Default ("Reddy Decl."), ¶ 5;

3   Also see Docket 26-34.)

4        On January 5, 2012, Plaintiff advised counsel for Nuance and Defendants

5   that she had accomplished service on December 30, 2012.  (Declaration of Joshua

6   B. Wagner ("Wagner Decl.", ¶ 2; Exhibit 1.)   That same date, counsel for

7   Defendants requested that Plaintiff provide the proof of service.  (Wagner Decl., ¶

8   3; Exhibit 2.)  The following day, counsel for Defendants was able to review the

9   documents that Plaintiff indicated constituted service, and determined that service

10  had not been validly accomplished.  (Wagner Decl., ¶ 4; Exhibit 3.)  On January 6,

11  2012, counsel for Defendants sent a courtesy email to Plaintiff advising her of the

12  defective service.  (Wagner Decl., ¶ 5; Exhibit 4.)

13       On February 3, 2012, Plaintiff filed the proofs of service with respect to

14  Defendants.  (See Docket Nos.: 26-34.)  That same day, Plaintiff filed a Request

15  with the Clerk to Enter Default against Defendants (Docket No.: 25.)  Notably, the

16  Request for Entry of Default filed with the Clerk stated that each of the Defendants

17  had been served with summons, and that the time allowed by law for responding

18  had expired; and that each Defendant had failed to file a pleading or motion

19  permitted by law; and that none of the Defendants were minors or incompetent.

20  (Reddy Decl: ¶¶ 3-9.)  On February 9, 2012, the Court Clerk entered default as to

21  all Defendants, except Ms. Coffey.  (Docket No.: 37.)

22       On February 14, 2012, Defendants filed an Objection as to the defective

23  service of process and corresponding lack of jurisdiction with the Court.  (Docket

24  No.: 39.)  Defendants objection was predicated on (1) use of substitute service

25  without any attempt at personal service; and (2) the mailing to a Massachusetts

26  address which in no way could be construed as any Defendants usual place of

27  business.

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

- 4 -

In response, on February 22, 2012, Plaintiff filed a Reply to Defendants Objection. (Docket No.: 50.) Notably, Plaintiff conceded that no attempt at personal service was made, and instead argued that service by mail was adequate.

## III. CLERK'S ENTRY OF DEFAULT SHOULD BE SET ASIDE AS PLAINTIFF HAS NOT PROPERLY SERVED DEFENDANTS

A trial court has broad discretion and significant procedural flexibility to set aside a clerk's entry of default. *Brady v. United States*, 211 F. 3d 499, 504 (Ninth Cir. 2000) ("court's discretion is especially broad when…it is entry of default that is being set aside rather than default judgment."). Rule 55(c) provides that a Court may set aside an entry of default for "good cause" shown. Fed. R. Civ. Proc. 55(c). Here, good cause exists (1) as the default was entered based on improper service of process; as Plaintiff has not successfully invoked personal jurisdiction as to Defendants. Further, there will be no prejudice to Plaintiff if the relief is granted, and Defendants have good and meritorious defenses to the alleged claims for relief.

A motion for relief from default may be granted where defendant (even if he or she had actual notice) demonstrates defects in the service of process. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F. 2d 1344, 1345 (5th Cir. 1992); see *SEC v. Internet Solutions for Business Inc.*, 509 F. 3d 1161, 1165-1166 (9th Cir. 2007). Plaintiff, as the party invoking the court's jurisdiction, has the burden of proving the existence of personal jurisdiction in opposition to defendant's motion to set aside a default judgment. *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F. 2d 1247, 1256 (9th Cir. 1980). This is so because an *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F. 3d 1210, 1217 (11th Cir. 2009); *Combs v. Nick Garin Trucking*, 825 F. 2d 437, 442 (DC Cir. 1987).

### A. Plaintiff's Has Not Satisfied Federal Requirements for Service

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT                    CASE NO. CV 11-05632(PSG)

1      A federal court does not have jurisdiction over a defendant unless the

2  defendant has been served properly [with the summons  and complaint] under

3  Federal Rule of Civil Procedure rule 4.  Without substantial compliance with Rule

4  4 'neither actual notice nor simply naming the defendant in the complaint will

5  provide personal jurisdiction.'  *Direct Mail Specialists, Inc. v. Eclat Computerized*

6  *Technologies*, 840 F.2d 685, 687 (9th Cir. 1988) (citing Benny v. Pipes, 799 F.2d

7  489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870, 108 S. Ct. 198, 98 L. Ed. 2d

8  149 (1987).

9      Rules 4(d) and (e) provide that service of process of the summons and

10  complaint may be made: (1) by mailing a copy of the summons and complaint to

11  the individual defendant with a notice and request for waiver; (2) pursuant to state

12  law; (3) by delivering a copy of the summons and complaint to the individual

13  defendant personally; (4) by leaving a copy of the summons and complaint at the

14  individual defendant's dwelling house or usual place of abode with some person of

15  suitable age and discretion then residing therein; or (5) by delivering a copy of the

16  summons and complaint to an agent authorized by appointment or by law to

17  receive service of process.

18      According to Plaintiff, she attempted service under California law pursuant

19  to Federal Rule of Civil Procedure Rule 4(e)(1).  (See Docket No. 50: Reply to

20  Objection, p.4:9-12.)  However, this appears to be a misstatement as Rule 4(e)(1),

21  does not authorize service under California law, but instead requires that a party

22  attempting service mail a copy of the summons and complaint to the individual

23  defendant with a notice and request for waiver.  Although presumably Plaintiff will

24  argue that she did mail a copy of the summons and complaint, it cannot be disputed

25  that Plaintiff failed to include a request for waiver as required by Rule 4(e)(1).

26  Accordingly, service was not accomplished as per Rule 4(e)(1).

27  / / /

28  / / /

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 6 -

**B. Plaintiff's Has Not Satisfied California Requirements for Accomplishing Service.**

Given Plaintiff's reference to California law, it is more likely that she intended to accomplish service under Rule 4(e)(2), pursuant to state law, in this case California law. This is borne out by Plaintiff reference to the California Code of Civil Procedure. (See Docket No. 50: Reply to Objection p.4: 23-27.) Plaintiff invokes California Code of Civil Procedure sections 415.20 and 415.40.

As a threshold matter, under California law, Plaintiff has an obligation to exercise diligence in determining each Individual Defendants' status and address. *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1131-1133 (1996). Here, Plaintiff has not shown that she has made <u>any</u> efforts to locate the Individual Defendants, has not determined whether they are current or former employees of Nuance, and simply blindly attempted service by delivery and mailing to an address in Burlington, Massachusetts, a location with no apparent connection to any of the Individual Defendants, or the facts in this action, except that it is the corporate headquarters of Plaintiff's former employer.

1. <u>Service Ineffective Under California Civil Procedure § 415.20</u>

Under California Code of Civil Procedure section 415.20, substituted service may be made in California by leaving a copy of the summons and complaint at the individual defendant's office, dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." However, Plaintiff has introduced no evidence that the address of Nuance's offices in Burlington, Massachusetts is any Individual Defendants "usual" place of abode, business, or mailing address. Accordingly, Plaintiff's efforts under 415.20 necessarily fail. See *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995); *Blundell v. County of L.A.*, 2009 U.S. Dist. LEXIS 71918, 9–12 (C.D. Cal. Aug 12, 2009).

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Second, California law under section 415.20 requires that a Plaintiff exercise
2   due diligence in attempting personal service prior to resorting to substitute service.
3   All means other than personal delivery to the defendant are considered substituted
4   service, and personal service must have been diligently attempted before
5   substituted service may be performed. "'Ordinarily, . . . two or three attempts at
6   personal service at a proper place should fully satisfy the requirement of
7   reasonable diligence and allow substituted service to be made.'" *Bein v. Brechtel-*
8   *Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1390 (1992) (citing *Espindola v. Nunez,*
9   199 Cal. App. 3d 1389, 1392, (1988).  As noted above, Plaintiff has deliberately
10  avoided undertaking any efforts to attempt personal service.  Accordingly, service
11  under section 415.20 fails.

12              2.    Service Ineffective Under California Civil Procedure § 415.40

13  Under Code of Civil Procedure section 415.40, California allows for service
14  on out-of-state residents by certified mail with return receipt requested.  As a
15  threshold matter, Plaintiff simply assumes the Individual Defendants are out-of-
16  state residents, and are thus able to be served pursuant to 415.40.  (See Docket No.
17  50: Reply to Objection, p.4: 22.)  Absent evidence that these Individual Defendants
18  are out-of-state residents, Plaintiff can not effectuate service under section 415.40.

19  Second, and even more fatal to Plaintiff's contention, service under section
20  415.40 is not satisfactory to establish jurisdiction over an out-of-state resident.
21  Jurisdiction must already be established pursuant to California's long arm statute
22  showing that the party to be served has sufficient minimum contacts with
23  California.  *See Cal. Code Civ. Proc* § 410.10; *Rocklin De Mexico, S. A. v.*
24  *Superior Court,* 157 Cal. App. 3d 91 (Cal.App.3d Dist. 1984).   Personal
25  jurisdiction over a corporation does not automatically establish personal
26  jurisdiction over its officers, directors, agents and employees.  Each defendant's
27  "contacts" with the forum state must be evaluated separately.  *Calder v. Jones*, 465
28  U.S. 783, 790 (1984); *Mihlon v. Sup.Ct. (Murkey)*, 169 Cal.App.3d 703, 713

- 8 -

(1985).  Notably, Plaintiff cannot show that the Individual Defendants have any connection to California, and for that reason, service under 415.40 fails.

## IV.   <u>CONCLUSION</u>

Plaintiff has a duty to diligently attempt to locate and serve the individuals who she has alleged claims against.  See Fed. R. Civ. P. 4(c); also see *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1131-1133 (1996).  It is also Plaintiff's burden to show that service is effective.  *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F. 2d 1247, 1256 (9th Cir. 1980). Here, Plaintiff has failed to make any effort to locate or serve, and cannot show that service is effective and accordingly, Defendants respectfully request that this Court set aside the clerk's entry of default.

Dated:  March 7, 2012                    GORDON & REES LLP


                                         By:  ___/s/  Joshua B. Wagner_____
                                              Michael Laurenson
                                              Joshua B. Wagner
                                              Attorneys for Defendants
                                              Nuance Communications, Inc., Paul
                                              Ricci, Catherine Dorchuck, Diane
                                              Coffey, Jeanne Nauman, John Hagen,
                                              Matthew Liptak and Richard Nardone

MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT                    CASE NO. CV 11-05632(PSG)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## DECLARATION OF JOSHUA B. WAGNER

I, JOSHUA B. WAGNER, do hereby declare as follows:

1.     I am an attorney at law duly admitted and licensed to practice in the United States District Court for Northern District of California.  I am a partner with Gordon & Rees LLP, 633 West Fifth Street, Los Angeles, California 90071, attorneys of record for Defendants Paul Ricci; Jeanne Nauman; Catherine Dorchuck; Diane Coffey, Matthew Liptak, John Hagen and Richard Nardone (hereinafter referred to as "Defendants") in the above-captioned matter.  I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify competently thereto.  I submit this declaration in Support of Defendants Motion to Set Aside the Clerk's Entry of Default.

2.     On January 5, 2012, by email, Plaintiff advised my office that she had accomplished service on Defendants on December 30, 2012.  Attached as Exhibit 1 is a true and correct copy of Plaintiff's January 5, 2012 email correspondence.

3.     On January 5, 2012, by email, my office requested that Plaintiff provide the proof of service.  Attached as Exhibit 2 is a true and correct copy of that January 5, 2012 email correspondence.

4.     On January 6, 2012, my office reviewed the documents that Plaintiff indicated constituted service, and determined that service had not been validly accomplished under either Federal or California requirements.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT          CASE NO. CV 11-05632(PSG)

5.      On January 6, 2012, my office sent a courtesy email to Plaintiff advising her of the defective service.  Attached as Exhibit 3 is a true and correct copy of that January 6, 2012 email correspondence.

I declare under penalty of perjury under the laws of the United States of America and the laws of the state of California that the foregoing is true and correct and that this declaration was executed at Los Angeles, California this 7th day of March, 2012.

                            /S/  Josh Wagner
                                    JOSHUA B. WAGNER

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

SPTBC/1061948/11898561v.1

MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT                    CASE NO. CV 11-05632(PSG)

EXHIBIT "1"

**Sat Sang Khalsa**

| | |
|---|---|
| **From:** | K. Reddy [acaliforniannuance@gmail.com] |
| **Sent:** | Thursday, January 05, 2012 2:10 PM |
| **To:** | Sat Sang Khalsa |
| **Cc:** | K. Reddy |
| **Subject:** | Service of Summons and Complaint |

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted.  Could you please re-send it?  Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons.  When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day.  But, you never did.

I called your office around 12/23/2011, but could not get hold of you.  You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

Krishna Reddy
(760) 962-9959

EXHIBIT "2"

**Sat Sang Khalsa**

| | |
|---|---|
| **From:** | Sat Sang Khalsa [skhalsa@gordonrees.com] |
| **Sent:** | Thursday, January 05, 2012 2:33 PM |
| **To:** | K. Reddy |
| **Cc:** | Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com |
| **Subject:** | RE: Service of Summons and Complaint |

Dear Ms. Reddy:

It's a surprise that you managed to permanently delete the message, since most email programs, including gmail, have an undelete feature. Nonetheless, I will resend the email message.

As you will see from the message, there is a further step required to effect a waiver of service, which under FRCP Rule 4 is the Plaintiff's obligation. Since some time has passed since we spoke, and you had yet to send the request for waiver form. As a courtesy, and recognizing your pro se status, we provided you with the appropriate format for the request.

From the outset, I have been clear with you that our firm is presently only representing Defendant Nuance and as per FRCP Rule 4 we are willing to waive service on Nuance's behalf. I have been looking into the status of the other defendants. Also, as to your inability to reach me, as you are aware, we recently concluded a stretch of holidays. I'm sure when you called my office of December 23, you must have listened to the voice messages stating that I was out until December 27. If you had left a message or sent an email, that would have been more effective.

In any case, if you have effectuated service, I would appreciate your providing a copy of the proof of service. Feel free to call if you have any questions.

Regards,

Sat Sang Khalsa

---

**From:** K. Reddy [mailto:acaliforniannuance@gmail.com]
**Sent:** Thursday, January 05, 2012 2:10 PM
**To:** Sat Sang Khalsa
**Cc:** K. Reddy
**Subject:** Service of Summons and Complaint

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted. Could you please re-send it? Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons.  When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day.  But, you never did.

I called your office around 12/23/2011, but could not get hold of you.  You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

Krishna Reddy
(760) 962-9959

---

San Francisco " San Diego " Los Angeles " Sacramento " Orange County " Las Vegas " Portland " Seattle " Houston " Chicago " Phoenix " Dallas "
New York " Long Island " Florham Park " Denver " Miami " Atlanta " Austin " Hartford

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**GORDON & REES LLP**
http://www.gordonrees.com

3/5/2012

EXHIBIT "3"

## Sat Sang Khalsa

---

**From:**     Sat Sang Khalsa [skhalsa@gordonrees.com]
**Sent:**     Friday, January 06, 2012 10:35 AM
**To:**       K. Reddy
**Cc:**        Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com
**Subject:** RE: Service of Summons and Complaint

Dear Ms. Reddy:

I understand that you have attempted to serve the various Defendants by sending a copy of the Complaint and Summons by certified mail.  Unfortunately, under both FRCP rule 4 and the applicable California law that is not a valid manner of effecting service.  (See LSJ Inv. Co., Inc. v. O.L.D., Inc. (6th Cir. 1999) 167 F.3d 320, 322-323; Cal. Code. Civ. Pro. §§ 415.10, 415.20, 415.30.)

We remain agreeable to accepting a waiver of service on behalf of Defendant Nuance Communications.  At your preference, you are welcome to prepare a Notice of Lawsuit and Request for Waiver of Service of Summons which we will accept on behalf of Nuance.

Also, I am still looking into whether our firm will represent the other named defendants, and will advise you once that issue is clarified.

Regards,

Sat Sang Khalsa

---

**From:** Sat Sang Khalsa [mailto:skhalsa@gordonrees.com]
**Sent:** Thursday, January 05, 2012 2:33 PM
**To:** K. Reddy
**Cc:** Joshua Wagner; SPTBC-1061948.LEGAL@worksite.gordonrees.com
**Subject:** RE: Service of Summons and Complaint


Dear Ms. Reddy:

It's a surprise that you managed to permanently delete the message, since most email programs, including gmail, have an undelete feature.  Nonetheless, I will resend the email message.

As you will see from the message, there is a further step required to effect a waiver of service, which under FRCP Rule 4 is the Plaintiff's obligation.  Since some time has passed since we spoke, and you had yet to send the request for waiver form.  As a courtesy, and recognizing your pro se status, we provided you with the appropriate format for the request.

3/5/2012

From the outset, I have been clear with you that our firm is presently only representing Defendant Nuance and as per FRCP Rule 4 we are willing to waive service on Nuance's behalf. I have been looking into the status of the other defendants. Also, as to your inability to reach me, as you are aware, we recently concluded a stretch of holidays. I'm sure when you called my office of December 23, you must have listened to the voice messages stating that I was out until December 27. If you had left a message or sent an email, that would have been more effective.

In any case, if you have effectuated service, I would appreciate your providing a copy of the proof of service. Feel free to call if you have any questions.

Regards,

Sat Sang Khalsa

---

**From:** K. Reddy [mailto:acaliforniannuance@gmail.com]
**Sent:** Thursday, January 05, 2012 2:10 PM
**To:** Sat Sang Khalsa
**Cc:** K. Reddy
**Subject:** Service of Summons and Complaint

Mr. Khalsa,

I noticed a new e-mail from you, but while I was trying to open the attachments you sent, I lost the e-mail; it got deleted. Could you please re-send it? Thank you in advance!

Looked like the e-mail was about "waiver of summons."

As you recall, you called me on 11/23/2011 about the lawsuit and regarding waiver of summons. When inquired about service on Focus Infomatics and the remaining individual defendants, you said you'd get back to me regarding that.

On 12/1/2011, in your e-mail, you said that you were looking into whether you could accept service on behalf of the remaining defendants, but you never got back to me.

On 12/12/2011, I wrote to you regarding "acknowledgment of service", and you said you'd get back to me the next day. But, you never did.

I called your office around 12/23/2011, but could not get hold of you. You never got back to me regarding any acknowledgment of service of process either.

I waited for a total of 37 days to hear from you about acknowledgment of service of process, but never received any response from you.

I was told that the summons and Complaint have been served on all the defendants on 12/30/2011.

It is my understanding that at this point, the issue of "waiver of summons" is moot.

Sincerely,

3/5/2012

Krishna Reddy
(760) 962-9959

---

San Francisco * San Diego * Los Angeles * Sacramento * Orange County * Las Vegas * Portland * Seattle * Houston * Chicago * Phoenix * Dallas *
New York * Long Island * Florham Park * Denver * Miami * Atlanta * Austin * Hartford

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the
use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any
unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended
recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

**GORDON & REES LLP**
http://www.gordonrees.com