UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br>    v.<br><br>NUANCE COMMUNICATIONS, INC., ET AL.,<br><br>            Defendants. | Case No.: 11-CV-05632-PSG<br><br>**ORDER DENYING PLAINTIFF KRISHNA REDDY'S CROSS-MOTION FOR JUDGMENT**<br><br>**(Re: Docket No. 49)** |

Plaintiff Krishna Reddy ("Reddy") cross-moves for judgment based on Defendant Nuance Communications, Inc.'s ("Nuance") failure to answer or otherwise respond to certain alleged claims.[1] Nuance opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on March 27, 2012 is vacated. Having reviewed the papers and considered the arguments of the parties,

IT IS HEREBY ORDERED that Reddy's cross-motion for judgment is DENIED.

Nuance moved to dismiss three of the ten alleged claims in Reddy's complaint. Nuance's motion was timely filed and was granted by the court.[2] Because Nuance did not answer or

---

[1] Reddy first filed this cross-motion together with her opposition to Nuance's motion to dismiss and sought to have both motions heard on the same day. Because Reddy's cross-motion did not provide adequate notice, the cross-motion was rescheduled for March 27, 2012. *See* Docket No. 49.

[2] *See* Docket No. 62.

1

Case No.: C 11-05632 PSG
ORDER

otherwise respond to the seven remaining claims, Reddy contends that the seven remaining claims are subject to entry of judgment under Rule 12(h). Reddy also argues that she is entitled to entry of judgment because Nuance failed to substitute itself for the individual defendants who were sued in their "official capacities." Relying on the doctrine of respondeat superior, Reddy notes that the individuals were named as defendants based on their conduct while employed at Nuance, were properly served, and have not answered or otherwise responded.[3]

Nuance responds that it is well-settled that filing a Rule 12(b) motion, even a partial one, extends the time for it to respond to the complaint.[4] In light of the court's order dismissing claims six, nine, and ten of the complaint, no later than March 30, 2012, Reddy must file an amended complaint. Nuance contends under Rule 15(a)(3), it then has fourteen days after service of the amended complaint to respond. Nuance also contends that the official capacity rule that Reddy proffers has no application to private entities.

The court agrees with Nuance. By filing even a partial Rule 12(b) motion, Nuance's time to answer or otherwise respond to the complaint is extended.[5] The court also finds no support for Reddy's proposition that entry of judgment should be entered because Nuance failed to substitute itself for the individual defendants who allegedly acted in their official capacities. The cases cited by Reddy address public, not private, entities.[6]

**IT IS SO ORDERED.**

Dated: March 26, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[3] The Clerk of the Court entered default against some of the individual defendants. *See* Docket No. 37. The individual defendants, however, now move to set aside default. *See* Docket No. 65. Reddy previously moved for entry of default by the court. *See* Docket No. 45. Both motions regarding default are scheduled to be heard on April 24, 2012. *See* Docket No. 69.

[4] *See, e.g., Godlewski v. Affiliated Computer Services, Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002); and *Brocksopp Eng'r, Inc. v. Back-Simpson Ltd.,* 136 F.R.D. 485, 486 (E.D. Wisc. 1991).

[5] *See, e.g., Dymits v. Am. Int'l Group,* 2 Fed. Appx. 818, 820 (9th Cir. 2001) (extension of time to answer complaint is within the district court's discretion); *Business Incentives, Inc. v. Sony Corp. of America,* 397 F.Supp 63, 64 (S.D.N.Y. 1975). Cf. *Gerlach v. Michigan Bell Tel. Co.,* 448 F.Supp. 1168, 1174 (E.D. Mich.1978).

[6] *See Hafer v. Melo,* 502 U.S. 21 (1991); *Kentucky v. Graham,* 473 U.S. 159 (1985).

2
Case No.: C 11-05632 PSG
ORDER