**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, ) | Case No.: 5:11-CV-05632 PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| v. ) | **MOTION TO SET ASIDE DEFAULT** |
| ) | **AND DENYING PLAINTIFF'S** |
| NUANCE COMMUNICATIONS, INC, et al., ) | **MOTION FOR DEFAULT** |
| ) | **JUDGMENT** |
| Defendants. ) | |
| ) | **(Re: Docket Nos. 45, 65)** |

## I.   INTRODUCTION

In this discriminatory employment practice and wrongful termination suit, Defendants Paul Ricci ("Ricci"), Jeanne Nauman ("Nauman"), Catherine Dorchuck ("Dorchuck"), Diane Coffey ("Coffey"), Metthew Liptak, John Hagen and Richard Nardone (collectively "Individual Defendants") move to set aside the clerk's entry of default filed on February 9, 2012.[1] The Individual Defendants contend that Plaintiff Krishna Reddy ("Reddy") did not effectuate sufficient service to establish personal jurisdiction over them, and thus the court did not have jurisdiction to enter default. Reddy opposes.[2] On April 24, 2012, the parties appeared for hearing.  Having

---

[1] *See* Docket No. 37.

[2] Additionally, Reddy moves for default judgment against the Individual Defendants. *See* Docket No. 45.

1

Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

reviewed the papers and considered the arguments of counsel, the court GRANTS the Individual Defendants' motion to set aside the entry of default, and DENIES Reddy's motion for entry of default judgment.

## II. BACKGROUND

On November 21, 2011, Reddy filed this suit against her former employer, Nuance Communications, Inc. ("Nuance") and the Individual Defendants.[3] Shortly thereafter, counsel for Nuance contacted Reddy to waive service pursuant to Fed. R. Civ. P 4(d).[4] Nuance, however, did not agree to accept service on behalf of the Individual Defendants.[5] On December 30, 2011, Reddy used a process server to serve the Individual Defendants by leaving one copy of the summons and complaint with Nancy Newark ("Newark"), Legal Counsel – Employment, Nuance Communications, Inc., 1 Wayside Road, Burlington, Massachusetts 01803, and by sending a duplicate copy by certified mail.[6]

On February 3, 2012, Reddy filed with the clerk a Request for Entry of Default of the Individual Defendants.[7] Reddy also filed proofs of service with respect to the Individual Defendants.[8] On February 9, 2012, the Court Clerk entered default as to all the Individual Defendants except Coffey.[9] On February 14, 2012, Ricci, Nauman, Dorchuck, and Coffey filed an

---

[3] *See* Docket No. 1.

[4] *See* Docket No. 71, at ¶ 1, Ex. 1.

[5] *See id.*

[6] *See* Docket No. 25 at ¶ 5; *see also* Docket Nos. 26-34.

[7] *See* Docket No. 25.

[8] *See* Docket Nos. 26-34.

[9] *See* Docket No. 37.

2
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

objection to the service of process.[10] In response, on February 22, 2012, Reddy filed her motion for default judgment with respect to the Individual Defendants.[11] Approximately two weeks later, the Individual Defendants filed the present motion to set aside the clerk's entry of default.[12]

### III.   LEGAL STANDARDS

#### A. Standard for Setting Aside an Entry of Default

A "court may set aside an entry of default for good cause."[13] When setting aside an entry of default, the "district court's discretion is especially broad."[14] "The parallels between granting relief from a default entry and a default judgment encourage [courts to utilize] the list of grounds for relief provided for in Rule 60(b)."[15] Fed. P. Civ. P. 60(b)(4) specifically allows a court to set aside "any final judgment, order or proceeding" where "the judgment is void."[16] If the "court lacked personal jurisdiction over the defendant or the requirements for effective services were not satisfied, the default judgment is void and must be vacated."[17] Courts have found that three factors are relevant when considering the grounds for relief from default judgment: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether

---

[10] *See* Docket No. 39.

[11] *See* Docket No. 45.

[12] *See* Docket No. 65.

[13] Fed. R. Civ. P. 55(c).

[14] *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (internal citations omitted); *see also Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court").

[15] *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513.

[16] Fed. R. Civ. P. 60(b)(4).

[17] *Walker & Zanger (W. Coast) Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (finding that an earlier judgment was void because the plaintiff did not properly serve the complaint).

culpable conduct of the defendant led to the default."[18] However, this is a disjunctive list and "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."[19]

### B. The Standard for Sufficient Service of Process

Under Fed. R. Civ. P. 4(e), service of process may be effected under either federal or state rules. The federal rules allow a plaintiff to serve process on an individual by:

(A) delivering a copy of the summons and the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[20]

The State of California provides its own set of rules for effectuating service of process upon individuals. First, "a summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served."[21] For persons to be served as specified in §§ 416.10 – 416.50,[22] "summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of

---

[18] *Falk v. Allen*, 737 F.2d 461, 463 (9th Cir. 1984); *see also Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 975 F.3d 922, 925 (9th Cir. 2004).

[19] *Mendoza v. Wright Vineyard Mgmt.*, 784 F.2d 941, 945-46 (9th Cir. 1986).

[20] Fed. R. Civ. P. 4(e)(2).

[21] Cal. Civ. Proc. Code § 415.10.

[22] These specific sections refer to serving summons on a corporation, a dissolved corporation, a joint stock company or association, an unincorporated association, and a public entity, respectively.

4
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

the summons and complaint by first-class mail."[23] For individual defendants, if the person is outside California, a summons may be served "by sending a copy of the summons and of the complaint to the person to be served by first-class mail."[24] In order to obtain personal jurisdiction over a nonresident by service outside California, however, it is necessary that the trial court have power to exercise such jurisdiction.[25] "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[26]

## IV.    DISCUSSION

As a preliminary matter, Reddy argues that the Individual Defendants waived any defense of lack of personal jurisdiction or insufficient service of process because the motion was not filed within twenty-one days after being served with the summons and the complaint. Reddy relies on an Eighth Circuit decision holding that objections to insufficiency of service or process are waived unless the objections are raised in the answer or other responsive pleading.[27] But the Individual Defendants have yet to file a responsive pleading. Indeed, the entire point of their request to set aside is that they claim that they have yet even to be served, and they seek relief that would allow them to do so. Under these circumstances, there is no waiver.

Turning to the issue of whether Reddy complied with the provisions for federal service under Fed. R. Civ. P. 4 in effectuating service of the Individual Defendants, Reddy does not argue

---

[23] Cal. Civ. Proc. Code § 415.20(a).

[24] Cal. Civ. Proc. Code § 415.40.

[25] *Judd v. Superior Court*, 60 Cal. App. 3d 38, 43 (Cal. Ct. App. 1976); *see also* Cal. Civ. Proc. Code § 410.10.

[26] *Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2008) (internal citations omitted).

[27] *See Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810-11 (8th Cir. 1986).

5
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

that she properly served the Individual Defendants under either Fed. R. Civ. P. 4(e)(2)(A) or 4(e)(2)(B). Instead, she relies on Fed. R. Civ. P. 4(e)(2)(C) and cites her service on Newark. Newark, however, is not the personal attorney for the Individual Defendants.[28] Because Reddy did not introduce any evidence to suggest that Newark is in fact an authorized agent of the Individual Defendants, service according to Rule 4(e)(2)(C) was improper.

While California Code of Civil Procedure Section 415.40 authorizes Reddy to serve nonresident individual defendants by certified mail, it does not by itself establish jurisdiction over the nonresident defendants. Each Individual Defendant's contacts with California must be established independently.[29] Reddy does not sufficiently allege the contacts each Individual Defendant has with California. Instead, she simply contends that she worked from her home in California and that Nuance's and the Individual Defendants' actions were aimed at injuring her in California. To be sure, "an individual's status as an employee acting on behalf of his or her employer does not insulate the individual from personal jurisdiction based on his or her forum contacts."[30] But it is equally the case that an individual's "contacts with California should not be judged according to [her] employer's activities there."[31] From the papers and pleadings, however, there is no evidence that the Individual Defendants deliberately engaged in significant activities within California, purposely availing themselves of this forum's benefits, and therefore are subject to this court's jurisdiction.[32]

---

[28] *Cf. Ellard v. Conway*, 94 Cal. App. 4th 540, 546 (2001) ("plaintiffs could have served defendant's attorney pursuant to federal law").

[29] *See Calder v. Jones*, 465 U.S. 783, 790 (1906).

[30] *Anglo Irish Bank Corp., PLC v. Superior Court*, 165 Cal. App. 4th 969, 981 (2008).

[31] *Calder*, 465 U.S. at 790.

[32] *Cf. Anglo Irish Bank Corp.*, 165 Cal. App. 4th at 984.

6
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In sum, the court is persuaded that Reddy did not serve the Individual Defendants in accordance with either the federal or state provisions for services recognized by Fed. R. Civ. P. 4. Under such circumstances, allowing the claims against the Individual Defendants to be decided on the merits is the appropriate course.

## V. CONCLUSION

The Individual Defendants' motion to set aside the clerk's entry of default is GRANTED. The court further DENIES Reddy's motion for entry of default judgment.

**IT IS SO ORDERED.**

Dated:   4/25/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

7

Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT