UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No.: C 11-05632 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| NUANCE COMMUNICATIONS, ET AL., | **(Re: Docket No. 77)** |
| Defendants. | |

On March 2, 2012, the court granted Defendant Nuance Communications, Inc.'s ("Nuance") motion to dismiss the sixth, ninth and tenth claims in the complaint and on March 26, 2012, the court denied Plaintiff Krishna Reddy's cross-motion for judgment. Reddy now moves to set aside and vacate both orders on the grounds that the court committed clear legal error. Defendant Nuance Communications, Inc. ("Nuance") opposes the motion. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Reddy's motion for reconsideration is DENIED.

With respect to the March 2 order, Reddy contends that her complaint properly alleges claims for (1) fraud, deceit and civil conspiracy, (2) intentional infliction of emotional distress, and (3) unconstitutional offshoring of confidential medical information. Because her complaint has been adequately pled as to those claims, Reddy states that she will not amend and instead, requests

that in the alternative, if her pending motion is denied, the March 2 order be certified for immediate appeal.

With respect to the March 26 order, Reddy again contends that because Nuance failed to timely respond to the other claims that it did not move to dismiss, judgment should be entered in her favor.

Nuance responds that Reddy's motion is one for reconsideration and should be denied because she has not met the standard for doing so. As an initial matter, Nuance argues that Reddy has not complied with Civ. L.R. 7-9 because she did not seek leave to file a motion for reconsideration. Nuance also argues that even under the applicable standards, Reddy has presented neither new evidence nor any new arguments. Nuance further argues that the relief that Reddy seeks under Fed. R. Civ. P. 59(e) and 60(b) is inapt because the rules involve remedies for relief from judgment, both of which are inapplicable here, especially since final judgment has not been entered.

Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.[1]

The court agrees with Nuance that Reddy's motion is one for reconsideration subject to the standards for reconsideration motions.[2] With respect to the March 2 order, Reddy does not argue

---

[1] *See Kana Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

2

Case No.: C 11-05632 PSG
ORDER

that a material difference in fact or law exists from that which was presented to the court before entry of the order, or that there has been an emergence of new material facts or a change in the law after the order was issued. Rather, she argues that the court failed to consider material facts and the applicable legal arguments. In the March 2 order, however, the court pointed out that Reddy did not plead sufficient facts to support a fraud claim and in particular, did not allege any facts showing that Nuance acted with intent. This is an essential element of the claim. A similar deficiency was noted regarding her intentional infliction of emotional distress claim. Reddy did not allege sufficient facts to show outrageous conduct against her. Outrageous conduct is essential to that claim. As for the last claim addressed in the March 2 order, unconstitutional offshoring of confidential medical information, Reddy still lacks standing to challenge the deprivation that is alleged in the operative complaint – the constitutional right to privacy of third parties whose records were sent outside the United States.

In the March 26 order, the court explained that by filing even a partial Rule 12(b)(6) motion, Nuance's time to answer or otherwise respond to the complaint was extended.[3] The court also found no support for Reddy's proposition that entry of judgment should be entered because Nuance failed to substitute itself for the individual defendants who allegedly acted in their official capacities. The court noted that the cases Reddy cited to address public, not private, entities. Reddy has not shown that the court manifestly failed to consider the material facts and legal arguments that Reddy previously presented.

As for Reddy's request that the court certify these orders for interlocutory review under Fed. R. Civ. P. 54(b), there are no grounds to certify them for immediate appeal. Rule 54(b) permits a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is just reason for delay and upon an express direction for entry of judgment. "Judgments under Rule 54(b) must be reserved for the

---

[2] Nuance also is correct that under Civ. L.R. 7-9, Reddy should have first sought leave to file a motion for reconsideration. The court nonetheless will consider Reddy's motion as one for reconsideration.

[3] *See, e.g., Godlewski v. Affiliated Computer Services, Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002); and *Brocksopp Eng'r, Inc. v. Back-Simpson Ltd.,* 136 F.R.D. 485, 486 (E.D. Wisc. 1991).

3

Case No.: C 11-05632 PSG
ORDER

unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of litigants for an early and separate judgment as to some claims or parties."[4] Reddy does not meet this standard regarding either the March 2 or the March 26 orders for interlocutory review.

**IT IS SO ORDERED.**

Dated: 9/26/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See Morrison-Knudsen Co., Inc., v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Case No.: C 11-05632 PSG
ORDER