UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No.: C 11-05632 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| NUANCE COMMUNICATIONS, ET AL., | **(Re: Docket No. 86)** |
| Defendants. | |

On April 25, 2012, the court granted Defendants Paul Ricci, Jeanne Nauman, Catherine Dorchuck, Diane Coffey, Matthew Liptack, John Hagen, and Richard Nardone's (collectively, the "Individual Defendants") motion to set aside default and denied Plaintiff Krishna Reddy's ("Reddy") motion for default judgment. Reddy now moves to set aside and vacate the April 25 order on the grounds that the court committed a clear error of fact and law. The Individual Defendants oppose the motion. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Reddy's motion for reconsideration is DENIED.

Reddy contends that the April 25 order should be set aside and vacated because it was incorrectly decided and is unjust. She notes that the Individual Defendants failed to file a reply to their motion and that the court failed to consider controlling precedent, such as *Commercial Ins.*

1

Case No.: C 11-05632 PSG
ORDER

*Co. v. Stone Co.* [1] Reddy also notes that the Individual Defendants did not meet the requisite standard to set aside their default. If the court does not grant her motion for reconsideration, Reddy requests that the April 25 order be certified for interlocutory appeal.

The Individual Defendants respond that Reddy's motion is one for reconsideration and should be denied because she has not met the standard for doing so. Reddy has not shown any newly discovered evidence, any clear error by the court, or any intervening changes in the controlling law. In addition, Reddy did not seek leave to file a motion for reconsideration first as she was obliged to do. The Individual Defendants also note that the relief that Reddy seeks under Fed. R. Civ. P. 59(e) and 60(b) are inapt because they are applicable to post-judgment orders, not interlocutory ones.

The court agrees with the Individual Defendants. Reddy has not met any of the specific showings required to grant a motion for reconsideration.[2] Reddy herself admits that the *Commercial Ins. Co.* case was previously cited in her opposition to the underlying motion. Neither has Reddy shown any difference in fact or law or the emergence of new material facts or a change in the law after the April 25 order was issued to justify granting her motion. In light of the above, Reddy's request that the Individual Defendants be ordered to post a bond for costs and for the amount of the default judgment is unwarranted.

As for Reddy's request that the court certify the April 25 order for interlocutory appeal, Reddy does not meet the standard[3] for doing so.

**IT IS SO ORDERED.**

Dated:   9/26/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[1] 278 U.S. 177, 179-180 (1929).

[2] The standards for obtaining leave were set forth in Docket No. 115 and will not be repeated here.

[3] The standard for certifying an order for interlocutory appeal also is set forth in Docket No. 115 and will not be repeated here.

2

Case No.: C 11-05632 PSG
ORDER