UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br>     v.<br><br>NUANCE COMMUNICATIONS, INC., ET AL.,<br><br>            Defendants. | Case No.: C 11-05632 PSG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Re: Docket No. 88)** |

Plaintiff Krishna Reddy ("Reddy") moves for default judgment against Defendant Focus Infomatics, Inc. ("Focus"). Defendant Nuance Communications, Inc. ("Nuance") opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion was taken under submission. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Reddy's motion for default judgment against Focus is DENIED without prejudice.

Reddy moves for default judgment on the grounds that Focus has never filed a timely response to her complaint and the Court Clerk has already entered default against it.[1] She argues that Nuance lacks standing to defend Focus and has failed nevertheless to demonstrate any grounds why default judgment should not be entered against Focus.

---
[1] *See* Docket No. 37.

1

Case No.: CV-11-05191 PSG
REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION

Nuance responds that there is no legal entity named Focus. Instead, Nuance notes that Focus was the predecessor entity to Nuance and is now its wholly-owned subsidiary. Nuance argues that a default judgment is not warranted here because Reddy's claims are weak, she has not amended the complaint as she was authorized to do so, and she will not suffer prejudice if her motion is denied. Nuance also notes that once the status of the operative complaint is resolved, it intends to show that Nuance has been sued twice, once as Nuance and erroneously as Focus.

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[2] Entry of default judgment is within the court's discretion,[3] and is governed by the following factors: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits.[4] In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages.[5]

As an initial matter, despite Nuance's claim that there is no operative complaint in the case, the order granting dismissal of the sixth, ninth and tenth claims dated March 2, 2012 only dismissed three of the ten alleged claims. The complaint was not dismissed in its entirety. To the extent that Reddy has elected not to amend the dismissed claims, she may proceed on the other claims that have not been dismissed in the case. Notwithstanding that there is an operative complaint in the case, the court finds it appropriate to deny default judgment at this juncture. On balance, the court finds that Reddy will not be prejudiced if default judgment is not now entered especially in light of the dispute surrounding Focus's actual corporate status, potential disputes

---

[2] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[3] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[4] *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[5] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

1  regarding material facts, the $31 billion that Reddy seeks in damages, and the Federal Rules'
2  strong policy favoring decisions on the merits.
3       Focus shall file a responsive pleading no later than October 5, 2012.[6]
4  **IT IS SO ORDERED.**
5  Dated: 9/26/2012

                                          PAUL S. GREWAL
                                          United States Magistrate Judge

**United States District Court**
For the Northern District of California

---

[6] *See* Fed. R. Civ. P. 55(c). *See also, McManus v. American States Ins. Co.,* 201 F.R.D. 493, 499 (C.D. Cal. 2000) ("When a default judgment would be set aside, a mere entry of default should also be set aside" on showing of good cause).

3
Case No.: CV-11-05191 PSG
REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION