UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>NUANCE COMMUNICATIONS, INC., ET AL.,<br><br>　　　　　Defendants. | Case No.: C 11-05632 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS**<br><br>**(Re: Docket No. 89)** |

　　　　Plaintiff Krishna Reddy ("Reddy") moves for default judgment against Defendants Paul Ricci, Jeanne Nauman, Catherine Dorchuck, Richard Nardone, John Hagen, Matthew Liptak, and Diane Coffey (collectively, the "Individual Defendants") both in their representative and individual capacities. The Individual Defendants oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion was taken under submission. Having reviewed the papers and considered the arguments of the parties,

　　　　IT IS HEREBY ORDERED that Reddy's motion for default judgment is DENIED.

　　　　On April 25, 2012, the court granted the Individual Defendants' motion to set aside default judgment and denied Reddy's motion for default judgment.[1] Now Reddy again moves for default judgment against the Individual Defendants on the grounds that they have not served any responsive pleadings in their representative and individual capacities.

---

[1] *See* Docket No. 85.

In the April 25 order, the court noted that Nuance never agreed to accept service on behalf of the Individual Defendants and concluded that Reddy had not served the Individual Defendants in accordance with either federal or state provisions for services recognized by Fed. R. Civ. P. 4. Reddy noted in her papers that her claims were against the Individual Defendants both in their representative and individual capacities. Yet Reddy has not shown that reconsideration of the April 25 order is warranted.[2] In addition, at the hearing yesterday on the Individual Defendants' motion to dismiss, Reddy conceded that she had not yet served them. Because the Individual Defendants have not been served in any capacity, Reddy's motion for default judgment against them is denied.

**IT IS SO ORDERED.**

Dated:   9/26/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[2] Under Civ. L.R. 7-9(b), to obtain leave to file a motion for reconsideration, the moving party must show: "(1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

2
Case No.: C 11-05632 PSG
ORDER