UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>            Plaintiff,<br>  v.<br><br>NUANCE COMMUNICATIONS, INC., ET AL.,<br><br>            Defendants. | Case No.: C 11-05632 PSG<br><br>**ORDER GRANTING THE INDIVIDUAL DEFENDANTS' REQUEST TO SET A DEADLINE FOR SERVICE**<br><br>**(Re: Docket No. 98)** |

In this discriminatory employment practice and wrongful termination suit, Defendants Paul Ricci, Jeanne Naumann, Catherine Dorchuck, Diane Coffey, Matthew Liptak, John Hagen, and Richard Nardone (collectively, the "Individual Defendants") move to dismiss the case without prejudice. Alternatively, the Individual Defendants request that the court issue an order to show cause why the case should not be dismissed for failure to serve them. Plaintiff Krishna Reddy ("Reddy") proceeding *pro se* opposes the motion. On September 25, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of the parties, the court GRANTS Defendants' request for an order to show cause.

United States District Court
For the Northern District of California

**I.   BACKGROUND**

On November 21, 2011, Reddy filed this suit against her former employer, Nuance Communications, Inc. ("Nuance"), and the Individual Defendants.[1] While Nuance waived service pursuant to Fed. R. Civ. P. 4(d),[2] it did not agree to accept service on behalf of the Individual Defendants.[3] On December 30, 2011, Reddy used a process server to serve the Individual Defendants by leaving one copy of the summons and complaint with Nancy Newark ("Newark"), Legal Counsel – Employment, Nuance Communications, Inc. 1 Wayside Road, Burlington, Massachusetts 01803, and by sending a duplicate copy by certified mail.[4]

On February 3, 2012, Reddy filed with the clerk a Request for Entry of Default of the Individual Defendants.[5] Reddy also filed proofs of service with respect to the Individual Defendants.[6] On February 9, 2012, the Court Clerk entered default as to all the Individual Defendants except Coffey.[7] On February 14, 2012, Ricci, Nauman, Dorchuck, and Coffey filed an objection to the service of process.[8] In response, on February 22, 2012, Reddy moved for default judgment with respect to the Individual Defendants.[9] Approximately two weeks later, the Individual Defendants moved to set aside the clerk's entry of default.[10] On April 25, 2012, the court granted the Individual Defendants' motion to set aside default and denied Reddy's motion for default judgment.[11]

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 71, at ¶ 1, Ex. 1.

[3] *See id.*

[4] *See* Docket No. 25, at ¶ 5; *see also* Docket Nos. 26-34.

[5] *See* Docket No. 25.

[6] *See* Docket Nos. 26-34.

[7] *See* Docket No. 37.

[8] *See* Docket No. 39.

[9] *See* Docket No. 45.

[10] *See* Docket No. 65.

[11] *See* Docket No. 85.

## II. LEGAL STANDARDS

Under Fed. R. Civ. P. 4(m), if the defendant is not served within 120 days after the complaint is filed, the court must dismiss the case without prejudice or order that service be made within a specified time. "[I]f the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period."[12] Under Rule 4, a court also has discretion to extend the time for service in the absence of good cause.[13]

## III. DISCUSSION

The Individual Defendants contend that the case against them should be dismissed because Reddy has not served them within 120 days after the complaint was filed. The complaint was filed on November 21, 2011 but the Individual Defendants have yet to be served. Even after the court granted the Individual Defendants' motion to set aside default and denied Reddy's motion for default judgment on April 25, 2012, Reddy has not effectuated service on them. In the alternative, the Individual Defendants request that the court issue an order to show cause why the case should not be dismissed.

Reddy responds that even though the court granted the Individual Defendants motion to set aside default and denied her motion for default judgment, she was not ordered to re-serve the Individual Defendants. She argues that the pending motion masquerades a Rule 12(b)(5) motion that is untimely because the Individual Defendants should have filed their responsive pleading within 14 days of the April 25 order. To that end, Reddy also moves to strike any defense alleging insufficient service of process.

The court agrees with the Individual Defendants that service must be effectuated on them. Because the Individual Defendants have not been served or waived service, they have not yet filed an answer, or other responsive pleading, to the complaint.[14] Under these circumstances, the

---

[12] Fed. R. Civ. P. 4(m).

[13] *See Lemoge v. U.S.,* 587 F.3d 1188, 1198 (9th Cir. 2009).

[14] In light of the fact that the Individual Defendants have not appeared in the case, Reddy's cross-motion to strike the Individual Defendants' insufficient defenses and for judgment is denied.

3
Case No.: C 11-05632 PSG
ORDER

1   Individual Defendants have not made a voluntary general appearance.[15] To the extent that Reddy

2   misunderstood her obligations to serve them after the April 25 order was issued, the court finds it

3   appropriate to set a deadline for this service to take place. No later than October 5, 2012, Reddy

4   shall serve the Individual Defendants and the Individual Defendants shall respond no later than

5   October 12, 2012. If service is not effectuated by October 5, 2012, the complaint against the

6   Individual Defendants will be dismissed without prejudice.[16]

7   **IT IS SO ORDERED.**

8   Dated:   9/26/2012

                                    PAUL S. GREWAL
                                    United States Magistrate Judge

---

[15] *See, e.g., Fitzpatrick v. Gates,* No. CV 00-04191 GAF (AJWX), 2004 WL 239825 (C.D. Cal. Feb. 2, 2004).

[16] At the September 25 hearing, the court noted that without consent from the Individual Defendants pursuant to 28 U.S.C. §636(c), it lacked jurisdiction to dismiss the case. The Individual Defendants advised that their consent to magistrate judge jurisdiction would be filed shortly.

4
Case No.: C 11-05632 PSG
ORDER