UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No.: C 11-05632 PSG |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION** |
| v. | |
| NUANCE COMMUNICATIONS, INC., et.al., | |
| Defendants. | **(Re: Docket No. 103)** |

This is a wrongful termination and discrimination case. Before the court is Defendant Nuance Communications, Inc. ("Nuance") motion for partial summary judgment on claims three, four, seven, and eight. Plaintiff Krishna Reddy ("Reddy") opposes the motion. In her opposition, Reddy cross-moves to strike late-filed pleadings and for judgment for the plaintiff. Pursuant to Civil Local Rule 7-1(b), the matter was submitted without oral argument. For the reasons set forth herein, the court GRANTS Nuance's motion for summary judgment and DENIES Reddy's cross-motion.

1

Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION

## I.   FACTUAL BACKGROUND[1]

On or about October 12, 2007, Reddy received a letter ("October 2007 Letter") from Focus Informatics, Inc. ("Focus") offering her the position of "Medical Transcriptionist Quality Control."[2] Nuance is the parent company of Focus. The letter describes the terms of employment, including start date, compensation, and benefits.[3] The letter also states that the position was on an "at-will basis," which means that the employee is "subject to discharge at the complete discretion of the company."[4] The letter also declares that it is "not a contract."[5] The letter was electronically signed by Reddy and Bobbi Holter, Director of Human Resources.[6]

Soon thereafter, Reddy began working at Focus on the "SWAT" team.[7] Eve Meyer ("Meyer") was the manager of the SWAT team.[8] Reddy alleges that Meyer harassed her and called her names.[9] Reddy complained to Lee Ann Offord ("Offord"), the Quality Manager, who transferred Reddy out of the "SWAT" team to the position of "FTE DSP Qualifier."[10]

---

[1] The court reviews the record in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[2] *See* Docket No. 108, Ex. 1; Docket No. 104, Ex. B at 6-8.

[3] *See id.*

[4] *See id.*

[5] *See id.*

[6] *See id.*

[7] *See* Docket No. 107 ¶ 2.

[8] *See id.* at ¶ 3.

[9] *See id.* at ¶ 7.

[10] *See id.* at ¶¶ 6-7.

2
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION

Reddy's transfer to this position was summarized in another letter ("March 2008 Letter").[11] The March 2008 Letter again describes the terms of her employment, and again states her employment is "at-will" and that the letter is not a contract.[12] Reddy e-signed the document on March 7, 2008.[13]

Reddy then spoke to Offord about a management position at Focus. Reddy alleges that Offord orally assured Reddy of a "Team Lead" position, which would pay $50,000 a year.[14] However, Reddy was never promoted, despite inquiring multiple times.[15] Reddy alleges that she was instead given excessive work and "had to stay logged in for 13 hours to get 5 hours' worth of work on [her] account."[16]

On October 28, 2008, Reddy called Matthew Liptak ("Liptak") to express concerns about "discriminatory employment practices and violations of Fair Labor Standards Act."[17] Reddy alleges Liptak informed Reddy her title had changed to "Sr. ITP (Independent Transcription Professional)."[18] Reddy complained to several other managers at Nuance about discrimination and her lack of promotion.

---

[11] *See* Docket No. 108, Ex. 8; Docket No. 104, Ex. B at 10-12.

[12] *See id.*

[13] *See* Docket No. 107 ¶ 7.

[14] *See* Docket No. 107 ¶ 10.

[15] *See id.* at ¶¶ 11-18.

[16] *Id.* at ¶ 18.

[17] *Id.* at ¶ 19.

[18] *Id.*

3
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION

On May 8, 2009, Nuance laid off Reddy and six other employees.[19]  Reddy applied for other positions at Nuance, but was turned down.[20]  She alleges that she was marked internally as "ineligible for rehire."[21]

## II.   PROCEDURAL BACKGROUND

On November 11, 2011, Reddy sued Nuance, asserting ten claims: (1) employment discrimination, (2) wrongful termination in violation of public policy, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) promissory estoppel, (6) fraud, deceit, and civil conspiracy, (7) intentional and negligent interference with contract and prospective economic advantage, (8) violation of California Labor Code sections 1050 and 1052, (9) intentional and negligent infliction of emotional distress, and (10) unconstitutional offshoring of confidential medical information of the citizens of the United States.[22]  On March 3, 2012, the court granted Nuance's motion to dismiss on claims six, nine, and ten.[23]  Nuance now moves for summary judgment on claims three, four, seven, and eight.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24]  The moving party bears the initial burden of production by identifying those portions of the pleadings, discovery and affidavits

---

[19] *See* Docket No. 107 at ¶ 44.

[20] *See id.* at ¶¶ 45-46.

[21] *See id.* at ¶ 45.

[22] *See* Docket No. 1.

[23] *See* Docket No. 62.

[24] Fed. R. Civ. P. 56(a).

4
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION

which demonstrate the absence of a triable issue of material fact.[25]  If the moving party is the defendant, he may do so in two ways: by proffering "affirmative evidence negating an element of the non-moving party's claim," or by showing the non-moving party has insufficient evidence to establish an "essential element of the non-moving party's claim."[26]  If met by the moving party, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact for trial.[27]  The ultimate burden of persuasion, however, remains on the moving party.[28]  In reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the non-moving party.[29]

### III. DISCUSSION

#### A.   Third Claim: Breach of Contract

Reddy alleges Nuance breached the March 2008 Letter by "chang[ing] the terms of [her] employment without her consent."[30]  Nuance moves for summary judgment on Reddy's breach of contract claim because the March 2008 Letter was not a contract and that if it was, it was at-will, allowing Nuance to terminate Reddy for any reason other than an improper reason.  The court, in construing the record in the light most favorable to the non-moving party, will assume for the purposes of the pending motion that the March 2008 Letter was an express contract governing the

---

[25] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

[27] *See id.* at 330; *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 630, 630 (9th Cir. 1987).

[28] *Id.*

[29] *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[30] Docket No. 1 at 14-16.

terms of Reddy's employment with Nuance. Even if the letter is not labeled a contract, as a writing summarizing the terms of Reddy's employment and signed by both parties, the contents at least serve to establish the terms of the parties' agreement.[31]

The March 2008 Letter plainly states Reddy's employment was "at-will," or terminable at any time without cause.[32] Because of this, Reddy's claim for breach of contract cannot succeed. When an employee is employed at-will, "he can be demoted or transferred without a showing of good cause."[33] Even if the March 2008 Letter did not so expressly provide, Reddy's employment would nevertheless be at-will. Under California law employment is presumed to be at at-will unless there is an "implied contract that restricts the employer's right to terminate the employee."[34] The at-will presumption may be overcome only by evidence that the parties impliedly agreed that the employee could only be terminated with good cause.[35] Reddy does not present any evidence indicating there was any separate implied contract promising not to terminate her without cause. As a result, Reddy's claim for breach of contract cannot succeed.

**B.      Fourth Claim: Breach of Covenant of Good Faith and Fair Dealing**

Reddy argues Nuance breached the covenant of good faith and fair dealing when it terminated her in "bad faith."[36]

---

[31] *See, e.g., Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 339 (2000) (observing that employment handbooks, manuals, or other memoranda could be construed as terms of the employment contract).

[32] *See Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1270 (9th Cir. 1990)

[33] *Holland v. Bank of Am.,* 673 F. Supp. 1511, 1517 (S.D. Cal. 1987).

[34] *Comeaux v. Brown & Williamson Tobacco Co.,* 915 F.2d 1264, 1271 (9th Cir. 1990).

[35] *See Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620, 629 (1995).

[36] *See* Docket No. 1.

6
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION

The covenant of good faith and fair dealing is implied in every contract, whether express or implied-in-fact.[37] It "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*."[38] The implied covenant may not be used to impose duties or limitations on the parties beyond those established by the contract.[39] In an at-will employment context, it is well-established that the covenant may not be used to impose a duty to terminate only for cause.[40] Otherwise, all employment contracts would be "transmuted into contracts requiring good cause for termination."[41] Instead, the covenant only serves to protect the benefits of the agreement; for example, the employer's promise to pay the employee for the work completed at the rate the parties agreed upon. The covenant does not guarantee continued employment or tenure when the employment is clearly at-will.[42]

Because Reddy identifies no additional duty or limitation in the contract to substantiate her good faith and fair dealing claim, her claim cannot succeed.

## C. Seventh Claim: Intentional Interference With Contract and Prospective Economic Advantage

Reddy bases her seventh claim for intentional interference with contract and prospective economic advantage on her theory that Nuance marked her as "ineligible for rehire" and did not rehire her.[43]

---

[37] *See Guz,* 24 Cal. 4th at 349.

[38] *Id.*

[39] *See id.*

[40] *See id.* at 350; *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, n. 39 (1988).

[41] *Foley*, 47 Cal. 3d at n. 39 (1988).

[42] *Id.*

[43] Docket No. 1 at 19-20.

7
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION

Nuance correctly argues this is insufficient as a matter of law because the intentional interference cause of action requires the defendant take action with a *third party*. To state a claim for interference with contractual relations, the plaintiff is required to show "the existence of a valid contract between the plaintiff and a third party."[44] Similarly, to prove interference with economic advantage, the plaintiff must show "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff."[45] Reddy argues Focus marked her ineligible to rehire, affecting her chances of employment with the later-merged Focus/Nuance entity. But "[t]he core of intentional interference business torts is interference with an economic relationship by a third-party *stranger* to that relationship."[46] One who has a "direct economic stake in that relationship" would have a right to protect that relationship and thus would not be considered a third-party stranger.[47] Reddy herself admits that Nuance acquired Focus and refers to them interchangeably throughout her briefing.[48] As the parent company of Focus, Nuance undeniably has a direct economic stake in its employees, and thus cannot be said to be a stranger to the Focus-Reddy relationship.

**D.    Eighth Claim: Violation of California Labor Code Sections 1050 and 1052**

Reddy asserted Nuance violated California Labor Code Sections 1050 and 1052 by making her "ineligible for rehire" and refusing to rehire her.[49] These claims, too, must fail.

---

[44] *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004).

[45] *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1153 (2003)

[46] *Fresno Motors, LLC v. Mercedes-Benz USA, LLC*, 852 F. Supp. 2d 1280, 1295 (E.D. Cal. 2012)

[47] *Id.*

[48] *See* Docket No. 1 at 2; *See also* Docket No. 107, 108.

[49] Docket No. 1 at 20.

8
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION

California Labor Code Section 1050 imposes misdemeanor liability on any person who by misrepresentation, prevents or attempts to prevent a former employee from obtaining employment, if the former employee voluntarily left employment. California Labor Code Section 1052 is based on a Section 1050 violation in that it imposes misdemeanor liability on any person who "knowingly causes, suffers, or permits an agent, superintendent, manager… to commit a violation" of Section 1050.

"Labor Code [S]ection 1050 applies only to misrepresentations made to prospective employers other than the defendant."[50] The California Court of Appeal has clearly stated the statute does not apply to statements made internally within the defendant's organization, from an employee of the defendant to another employee of the defendant.[51] As alleged by Reddy, the "ineligible for rehire" statement was an internal designation which dissuaded Nuance from rehiring Reddy. Because Reddy never argues Nuance misrepresented to other potential third-party employers, these statutes do not apply.[52]

### E. Reddy's "Cross-Motion to Strike the Late-Filed Answers and Other Pleadings by the Defendants and for Judgment for the Plaintiff"

Reddy includes in her opposition to Nuance's motion a cross-motion to strike Nuance's pleadings, as well as a motion for default judgment for the plaintiff.[53] Because this cross-motion was not properly noticed pursuant to Civil Local Rule 7-2, the court is not required to consider it. However, in the interest of finality, the court will address elements of Reddy's cross-motion. First,

---

[50] *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 288 (Ct. App. 1982).

[51] *See id.*

[52] In the notice of motion to Reddy, Nuance indicated that it was bringing a motion for summary judgment on the issue of punitive damages. Nuance does not, however, present any argument or evidence on this matter. The court declines to consider this motion because in failing to brief the issue Nuance has not met its burden. *See* Fed. R. Civ. P. § 56(c).

[53] *See* Docket No. 106.

9
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION

Reddy's motion to strike "late-filed answers and other pleadings by the Defendants" has already been filed and decided by the court.[54] Further motions on this matter are inappropriate. Second, Reddy's motion for "judgment in favor of the plaintiff" provides no evidence or argument other than the bare assertion that "the evidence is so one-sided [she is] entitled to judgment in [her] favor as a matter of law."[55] This is insufficient for summary judgment. The moving party bears the burden of showing that there is no genuine issue as to any material fact.[56] Because Reddy has not shown that no reasonable trier of fact could find other than for the plaintiff,[57] summary judgment for the plaintiff would be improper.

### IV. CONCLUSION

Nuance's motion for summary judgment as to claims three, four, seven, and eight is GRANTED. Reddy's cross-motion is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[54] *See* Docket No. 76.

[55] *See* Docket No. 106 at 23.

[56] Fed. R. Civ. P. § 56(c).

[57] *See James v. Scribner*, Case No. 104CV05878LJODLBP, 2008 WL 686402 (E.D. Cal. Mar. 13, 2008).

10
Case No.: 11-05632 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION