UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>NUANCE COMMUNICATIONS, INC., et.al.,<br><br>　　　　　　Defendants. | Case No.: C 11-05632 PSG<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>**(Re: Docket No. 152)** |

On December 4, 2012, Plaintiff Krishna Reddy ("Reddy") filed a "Motion for Disqualification of Judge Paul Singh Grewal" and requested prior rulings and orders in this case to be vacated. As explained below, no circumstance requiring disqualification applies here; therefore, Reddy's motion is DENIED.

**I.　　LEGAL STANDARDS**

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned." The goal of Section 455 is "to avoid even the appearance of partiality."[1] Thus, disqualification or recusal, may be warranted even in cases where

---

[1] *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988) (internal quotations omitted).

1

Case No.: 11-05632 PSG
ORDER

no actual partiality exists.[2] A court considering a disqualification request under Section 455(a) must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[3] The reasonable person is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'"[4] If the reasonable person would not find a basis for partiality, a judge has an obligation to participate in the cases he is assigned.[5] The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[6]

Under 28 U.S.C. § 455(b)(1), a magistrate judge shall recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Under 28 U.S.C. § 455(b)(5)(i), a magistrate judge must also recuse himself if "[h]e or his spouse, or a person within the third degree of relations to either of them, or the spouse of such a person is a party to the proceeding, or an officer, director, or trustee of a party."

## II.   DISCUSSION

As grounds for her request, Reddy claims that the undersigned's impartiality might reasonably be questioned in light of various rulings in this case and *Reddy v. Medquist*.[7] Among the rulings Reddy points to are the orders in this case granting Defendants' partial motion to dismiss and denying Reddy's cross-motion, and an order in her case against MedQuist declaring

---

[2] *See id.*

[3] *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks omitted).

[4] *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).

[5] *See id.* at 912.

[6] *Id.* (internal quotation marks omitted).

[7] Case No. 12-01324 PSG (N.D. Cal.).

2

Case No.: 11-05632 PSG
ORDER

her a vexatious litigant. Because these rulings were based on facts introduced in the course of the respective proceedings, they do not offer grounds for recusal.[8]

Second, Reddy claims that the undersigned improperly incorporated the arguments of her adversaries verbatim and did not consider the arguments she presented. This, says Reddy, reflects personal bias or prejudice against her. Because Reddy's assertions about what the undersigned did and did not consider are not correct, this basis is insufficient to warrant recusal.

Finally, Reddy claims that the common religious beliefs of the undersigned and one of the attorneys representing Defendants indicates an impermissible relation by blood. This is incorrect. The undersigned is not related to the opposing attorney in any way, by blood or otherwise.

### III.   CONCLUSION

Reddy's motion to disqualify the undersigned and vacate prior rulings and orders in this case is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] *See Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient because it did not allege facts demonstrating bias or prejudice "stem[ming] from an extrajudicial source").

3

Case No.: 11-05632 PSG
ORDER

United States District Court
For the Northern District of California