UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No.: C 11-05632 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| NUANCE COMMUNICATIONS, INC., et.al., | |
| Defendants. | **(Re: Docket Nos. 158, 224)** |

Before the court is Plaintiff Krishna Reddy's ("Reddy") motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and 42 U.S.C. § 2000e-5(f).[1] On January 15, 2013, at the final pretrial conference for this case, the court DENIED Reddy's motion. As promised in the minute order from the conference, the court provides its reasoning for its decision below.

---

[1] Although Reddy directs her motion to the Chief Judge of this district, the motion is properly considered by the undersigned as the presiding judge of this case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) (affirming the presiding judge's decision to deny counsel); *Johnson v. U.S. Treasury Dept.*, 27 F.3d 415, 417 (9th Cir. 1994) (finding the district court did not abuse its discretion in denying plaintiff's motion to appoint counsel).

# I.   BACKGROUND

On November 11, 2011, Reddy sued Defendants Nuance Communications, Inc., et. al. ("Nuance"), asserting ten claims: (1) employment discrimination, (2) wrongful termination in violation of public policy, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) promissory estoppel, (6) fraud, deceit, and civil conspiracy, (7) intentional and negligent interference with contract and prospective economic advantage, (8) violation of California Labor Code sections 1050 and 1052, (9) intentional and negligent infliction of emotional distress, and (10) unconstitutional offshoring of confidential medical information of the citizens of the United States.[2]  On March 3, 2012, the court granted Nuance's motion to dismiss on claims six, nine, and ten.[3]  On December 20, 2012, the court granted Nuance's claims three, four, seven, and eight.  Trial is currently set for February 4, 2013.[4]

# II.   LEGAL STANDARD

"Because plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, there is no right to counsel in this case."[5]  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In a case like this one involving claims brought under Title VII, a district court has the discretion to appoint counsel "in such circumstances as the court may deem just."[6]  In determining whether to appoint counsel, the district court must assess three factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claims have merit.[7]  The plaintiff

---

[2] *See* Docket No. 1.

[3] *See* Docket No. 62.

[4] *See* Docket No. 162.

[5] *Glass v. Potter*, Case No. 09-1554 PJH, 2009 WL 155946, at *1 (N.D. Cal. June 1, 2009).

[6] 42 U.S.C.A. § 2000e-5(f)(1)(B).

[7] *See Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1318 (9th Cir. 1981).

2
Case No.: 11-05632 PSG
ORDER

has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor is fatal to her request.[8]

### III.  DISCUSSION

Regarding the first *Bradshaw* factor, Reddy has shown that she lacks financial resources to hire an attorney. Her motion includes a sworn affidavit that she is unemployed and has limited financial assets.[9]

Regarding the second *Bradshaw* factor, however, Reddy has not shown that she has made sufficient efforts to secure counsel. A party seeking appointment of counsel need not "exhaust the legal directory," but is required to show that she made a "reasonably diligent effort under the circumstances to obtain counsel."[10] Reddy states in her papers that she has contacted no more than two law firms to represent her in this case, and that she was unsuccessful in securing representation.[11] The Ninth Circuit has never suggested that contacting two firms establishes the requisite degree of diligence. But even if contacting two firms were sufficient, Reddy does not identify the particular attorneys that she has contacted by name,[12] indicate that she attempted to obtain any attorney on a contingency basis,[13] or otherwise provide verifiable details to support her efforts. Nor has she submitted any sworn declaration or documentation describing her efforts to

---

[8] *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986); *Miljkovic v. University of Hawaii,* Case No. 09-00064 ACK-KSC, 2010 WL 346450 (D. Hawai'i Jan. 27, 2010).

[9] *See* Docket No. 158, Ex. 1.

[10] *Bradshaw*, 662 F.2d at 1319.

[11] *See* Docket No. 158 at 3.

[12] *Cf. Glass*, 2009 WL 155946, at *1.

[13] *See Gillins v. Marten Transp.*, Case No. 07-CV-1941 W (RBB), 2007 WL 2994757, at *2 (S.D. Cal. Oct. 12, 2007).

3
Case No.: 11-05632 PSG
ORDER

seek counsel and the reasons why she has been unable to do so.[14] In particular, the court notes that Reddy has not submitted evidence that she ever contacted a California State Bar-approved lawyer referral service.[15] This simply does not amount to the "diligent effort" required by the Ninth Circuit.

The court could end its inquiry here. However, in the interest of completeness, the court further observes regarding the third *Bradshaw* factor that Reddy has made an insufficient showing in her motion that her claims are meritorious.[16] Without in any way deciding the merits themselves at this stage, the court finds that Reddy has identified little to support her surviving claims, which consist of (1) discriminatory employment practices, harassment, and hostile work environment, (2) tortious wrongful termination in violation of public policy, and (3) promissory estoppel.[17] Reddy claims damages no less than 25 billion dollars.[18] Title VII and FEHA makes it illegal for an employer to discriminate against employees or applicants on the basis of an individual's "race, color, religion, sex, or national origin."[19] In her complaint, Reddy never alleges any facts supporting her allegation that she was discriminated against based on her race, national origin, ancestry, and age.[20] She merely states conclusorily that Nuance discriminated against her.[21] She

---

[14] *See Glass*, 2009 WL 155946, at *1; *Pascual v. Astrue*, Case No. 08-02906 SBA, 2008 WL 4239157, at *1 (N.D. Cal. Sept. 15, 2008); *Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local No. 36*, 614 F.2d 529, 531 (5th Cir. 1980).

[15] *Pascal*, 2008 WL 4239157, at *1.

[16] *Cf. Glass*, 2009 WL 1559464, at *1.

[17] *See* Docket No. 1, 62, 163. *Cf. Dilbert v. Potter*, Case No. C 05-00087 MEJ, 2009 WL 196136, at *2 (N.D. Cal. Jan. 26, 2009) ("Appointing counsel is inappropriate where Plaintiff's chances of success are highly dubious, even if the claim could survive a summary judgment motion.") (citing *Pena v. Choo*, 826 F.2d 168 (2d. Cir. 1987)).

[18] *See* Docket No. 1.

[19] 42 U.S.C. § 2000(e)-(2)(a)(1), Cal. Gov. Code § 12900.

[20] *See* Docket No. 1.

[21] *See id.*

4

Case No.: 11-05632 PSG
ORDER

also never offers any allegation supporting the notion that the adverse actions were rooted in any unlawful discriminatory animus.[22] Further, Reddy has not alleged facts showing she was wrongfully terminated in violation of public policy. Even if Reddy could establish a prima facie case for wrongful termination, which requires at least the suggestion of the discriminatory animus noted above to be insufficiently alleged in the complaint, Reddy does not offer any allegations undermining the nondiscriminatory reasons for the adverse action tendered by Nuance. This is her burden.[23] Lastly, Reddy also does not establish sufficient merit to her claim under the doctrine of promissory estoppel. Promissory estoppel requires, among other things, that the plaintiff acted in detrimental reliance on the promises alleged.[24] Reddy's complaint fails to mention any actual reliance or detriment that she suffered, only that Nuance generally knew or should have known that she would forego other options and employment opportunities.[25]

Apart from the factors explicitly addressed in *Bradshaw*, Reddy also bases her request on the difficulty the jury might have in following her "East Indian" accent. The court notes from its numerous hearings with Reddy that Reddy's English language skills have proven exceptional, consistent with her medical school education and accomplishments in one of the world's most rigorous English-based university systems.[26] Reddy's English language skills have allowed her to

---

[22] The court must also take note of the EEOC determination that the information it obtained did not establish violations of the statutes, together with Reddy's failure to identify any particular errors in that determination. *See Bradshaw*, 662 F.2d at 1309 n. 20; *see also* Docket No. 1, Ex. 1.

[23] *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510-11 (1993); *Jones v. Dep't of Correction and Rehabilitation*, 152 Cal. App. 4th 1367, 1379 (2007).

[24] *See Walker v. KFC Corp.,* 728 F.2d 1215, 1219 (9th Cir. 1984).

[25] The court's finding on the third *Bradshaw* factor is consistent with its previous order denying Reddy's *in forma pauperis* application. *See* Docket No. 134; *Bradshaw,* 662 F.2d at 1308 (holding that "[f]orma pauperis status requires two findings very similar to those required in this case: (1) a finding of indigency, and (2) a finding that the underlying case has some merit.") For the same reason, Reddy's pending renewed motion to proceed *in forma pauperis* must also be DENIED.

[26] In considering appointment of counsel, courts may appropriately look to whether the plaintiff has experienced difficulty in prosecuting her case up to this point. *See Pascual*, 2008 WL 4239157, at

5

Case No.: 11-05632 PSG
ORDER

adequately represent herself throughout this case (and several others[27]). "Exceptional circumstances do not exist sufficient to justify appointing counsel where the plaintiff's *pro se* brief is competently presented. Plaintiff's literacy, intelligence, and competence, as evidenced in the motions Plaintiff has filed *pro se*, satisfy the Court that [she] is capable of articulating [her] claims in light of the complexity of the legal issues involved."[28]

In sum, the appointment of counsel is the exception, not the rule.[29] Reddy has not shown why an exception ought to apply in this circumstance. The court in its discretion therefore DENIES Reddy's motion for court appointment of counsel.

The court finally notes that this denial of her application to appoint counsel is immediately appealable in this appellate circuit as it falls within the "collateral order" exception to the final judgment rule.[30] As Reddy has filed notice of her appeal to the Ninth Circuit,[31] which is of course her right, this court is now divested of jurisdiction.[32] The trial will be taken off calendar, and all pending motions tabled, until after resolution of Reddy's appeal.

---

*2. While the *Bradshaw* factors are generally the relevant factors, other similar factors may be taken into account so long as they are consistent with 42 U.S.C. § 2000e-5(f)(1)(B). *See Castner*, 979 F.2d at 1421, *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983); *McCue v. Food Pantry, Ltd.,* Case No. 08-00129 ACK-KSC, 2008 U.S. Dist. LEXIS 26065 (D.Hawai'i Mar 28, 2008).

[27] As a result of Reddy's substantial experience in federal and state court, no less than four courts, including this one, have declared Reddy a vexatious litigant and imposed pre-filing orders on her. *See Reddy v. Medquist*, Case No. CV 12-01324 PSG, 2012 WL 6020010 (N.D. Cal. Mar. 16, 2012); *Reddy v. Redlands Cmty. Hosp.*, Case No. SCV 06542 (San Bernardino Sup. Ct. Sept. 9, 1993); *Reddy v. Super. & Muni. Court of Cal.*, Case No. 97-CV-00923-AHS-SH (C.D. Cal. November 17, 1997) (aff'd by *Reddy v. Stotler*, 114 F. App'x 905 (9th Cir. 2004)); *Reddy v. Home Side Lending, Inc.*, CV-04431-ABC-SH (C.D. Cal. Apr. 26, 1999) (aff'd by *Reddy v. Home Side Lending, Inc.*, (9th Cir. 2002)).

[28] *Dilbert*, 2009 WL 196136, at *2 (citing *Gorenc v. Salt River Project Agr. Imp. And Power Dist.*, 869 F.2d 503, 509 (9th Cir. 1989)).

[29] *See Pascual*, 2008 WL 4239157, at *3.

[30] *See Bradshaw,* 662 F.2d at 1311.

[31] *See* Docket No. 225.

[32] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

6
Case No.: 11-05632 PSG
ORDER

IT IS SO ORDERED.

Dated: January 17, 2013

                                                 _____
                                                 PAUL S. GREWAL
                                                 United States Magistrate Judge

Case No.: 11-05632 PSG
ORDER