UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, <br><br>             Plaintiff, <br><br>      v. <br><br> NUANCE COMMUNICATIONS, INC. et al., <br><br>             Defendants. | Case No. 5:11-cv-05632-PSG <br><br> **ORDER CLARIFYING CLAIMS AND PARTIES** <br><br> **(Re: Docket No. 256)** |

The pre-trial conference made clear that even as trial approaches the parties continue to dispute what claims and parties remain in this case. Given the difficult procedural history of this case, perhaps this is not surprising. In any event, as explained below, the court clarifies as follows: three-and-a-half claims remain, and because Focus Infomatics, Inc. and the individual defendants are dismissed, the only remaining defendant is Nuance Communications, Inc.

**I. ONLY THREE-AND-A-HALF CLAIMS REMAIN.**

Plaintiff Krishna Reddy contends Nuance's answer was late, and so Nuance's defenses at trial should be limited to the those causes of action that Nuance responded to in its partial motion to

dismiss[1]—which, in fact, the court dismissed, and for which Reddy did not take the opportunity to amend.

Reddy's arguments that Nuance failed to answer the complaint properly have been denied on three prior occasions.[2] She first argued default judgment should be granted against all Defendants in her cross-motion for judgment for failure to state a valid defense pursuant to Fed. R. Civ. P. 12(h)(2)(B) and 12(f).[3] Reddy noted that the individual defendants and Focus had not answered her complaint, and that Nuance had only moved to dismiss the sixth and tenth causes of action and part of the ninth.[4] She construed Nuance's motion to dismiss as an answer, arguing Nuance defaulted on the remaining seven-and-a-half claims and the remaining causes of action.[5] Reddy also moved for default separately.[6] In denying Reddy's cross-motion for judgment,[7] the court ordered Reddy to file any amended complaint by March 30, 2012, after granting Nuance's partial motion to dismiss with leave to amend, and ordered Nuance to answer within 14 days of service of the amended complaint pursuant to Fed. R. Civ. P. 15(a)(3).[8]

Reddy did not file any amended complaint, though she did file a motion for reconsideration styled as a motion to set aside and vacate the court's order.[9] When Nuance answered,[10] Reddy

---

[1] *See* Docket No. 157 at 1.

[2] *See* Docket Nos. 76, 115, 161; *e.g.*, *Dymits v. Am. Int'l Group*, 2 Fed. Appx. 818, 820 (9th Cir. 2001).

[3] *See* Docket No. 20 at 2-4, 6-8.

[4] *See id.* Nuance did not move to dismiss Reddy's claims for negligent infliction of emotional distress. *See* Docket No. 1 at ¶¶ 70-72.

[5] *See id.* at 3.

[6] *See* Docket No. 45.

[7] *See* Docket No. 76.

[8] *See, e.g.*, *Dymits v. Am. Int'l Group*, 2 Fed. Appx. 818, 820 (9th Cir. 2001) (extension of time to answer complaint is within the district court's discretion).

[9] *See* Docket No. 77 at 1.

2
Case No. 5:11-cv-05632-PSG
ORDER CLARIFYING CLAIMS AND PARTIES

moved to strike "the late-filed answer and other pleadings by the Defendant Nuance Communications, Inc. and for Judgement for the Plaintiff."[11] In addition to asking the court to strike Nuance's answer and grant default because she alleged Nuance filed its answer late, Reddy argued that Nuance's denials in its answer were in bad faith, and requested that Nuance post a bond as a condition for hindering the proceedings.[12] The court denied Reddy's motion for reconsideration for failure to fulfill any of Civ. L. R. 7-9(b)'s prongs. Reddy had not shown that the court manifestly failed to consider the material facts and legal arguments Reddy presented.[13] The court also denied Reddy's motion to strike as moot, because the court had already twice addressed her motion for default judgment against Nuance based on its answer.[14] The result was that seven-and-a-half claims, and Nuance's answer, remained.

Nuance then timely moved for summary judgment on claims three, four, seven and eight, one month before its deadline to do so.[15] Reddy cross-moved to strike Nuance's motion for summary judgment.[16] The court considered her cross-motion even though it was not noticed pursuant to Civ. L.R. 7-2. The court then denied the cross motion and granted Nuance's motion for summary judgment as to claims three, four, seven and eight.[17] Nuance also had filed an amended

---

[10] *See* Docket No. 102.

[11] *See* Docket No. 113.

[12] *See id.* at 11, 13.

[13] *See* Docket No. 15 at 3.

[14] *See* Docket No. 161 at 1.

[15] *See* Docket Nos. 61, 103.

[16] *See* Docket No. 106.

[17] *See* Docket No. 163.

motion for summary judgment seeking to dismiss claims one, two and five.[18] Because it was filed more than two months after the deadline, the court denied Nuance's amended motion.[19]

Where does all of this leave us? Claims one, two and five remain, in addition to claim nine's allegations of negligent infliction of emotional distress.

## II. FOCUS INFOMATICS, INC. IS DISMISSED FROM THIS CASE.

Reddy contends Defendant Focus Infomatics, Inc. does business separately from Nuance. She says Focus, not Nuance, executed employment contracts with Reddy.[20] Because only Nuance responded to her complaint, Reddy argues Focus defaulted in this action.[21] The parties' history, and this case's record, however, suggests otherwise.

Focus Enterprises Ltd., subsidiary to Nuance, hired Reddy in October 2007 and fired Reddy in May 2009.[22] On April 5, 2010 Focus Enterprises Ltd.'s name changed to Focus Infomatics, Inc.[23] On November 3rd, 2010, Focus merged with four other companies to form Nuance Transcription Services, also subsidiary to Nuance.[24] Despite this change in name and structure, Reddy sued Focus Infomatics.[25]

When Focus did not answer, Reddy took the opportunity to request that the Clerk enter default against Focus,[26] and the Clerk did so.[27] Reddy then moved for default judgment from the

---

[18] *See* Docket No. 155.

[19] *See* Docket No. 164.

[20] *See* Docket No. 156 at 2.

[21] *See id.* at 3.

[22] *See* Docket No. 1 at ¶¶ 21, 38; Docket No. 166 at ¶ 4.

[23] *See* Docket No. 166 at ¶ 4.

[24] *See id.*; Docket No. 186 at 1; *see also* Docket No. 166.

[25] *See* Docket No. 1.
[26] *See* Docket No. 24.

[27] *See* Docket No. 37.

4
Case No. 5:11-cv-05632-PSG
ORDER CLARIFYING CLAIMS AND PARTIES

court against Focus.[28] She later noted that Focus did not oppose her motion for default.[29] Reddy later renewed her motion for default judgment against Focus.[30]

At this point, Nuance attempted to oppose on behalf of Focus, attempted to answer for Focus and also attempted to inform Reddy that Focus did not exist.[31] After considering the arguments, the court declined to enter default judgment against Focus—finding Reddy did not meet the *Eitel* factors—and instead ordered Focus to answer.[32] Receiving no responsive pleading from Focus, the court then ordered Focus to show cause why default judgment should not be granted against it for failing to answer.[33] Nuance responded that Focus has not existed as a cognizable legal entity throughout this litigation, but also that Nuance would do whatever the court requested to satisfy its order, included filing a separate answer on behalf of Focus.[34]

---

[28] *See* Docket No. 45.

[29] *See* Docket No. 66 at 1.

[30] *See* Docket No. 86, 88.

[31] *See* Docket No. 91; Docket No. 102 at 2 ("Defendants NUANCE COMMUNICATIONS, INC., and NUANCE COMMUNICATIONS, INC., erroneously sued twice as FOCUS INFOMATICS, INC. [collectively referred to as 'Defendants'], for itself and on behalf of no other defendant"). *See also* Docket No. 166 at 2.

[32] *See* Docket No. 117 at 2. Reddy did not meet the *Eitel* factors warranting default judgment against Focus. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (holding that entry of default judgment is governed by the following factors: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to the plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits).

[33] *See* Docket No. 161 at 2. The court held that Nuance's September 4, 2012 answer was not sufficient to serve as Focus' answer. *See id.*

[34] *See* Docket No. 166 at 2. Nuance emphasized that in its answer it "specifically stated that [the answer] serves as Nuance's responsive pleading on behalf of Focus Infomatics, as a defendant erroneously named by Plaintiff." Nuance's response to the order to show cause clarified why Nuance was attempting to answer for Focus, as parent to the subsidiary NTS, which subsumed Focus. *See id.* Nuance further offered to file a separate answer. *See id.*

Rather than seeking anything more from Focus/Nuance, the court twice granted Reddy leave to amend her complaint to substitute NTS for Focus.[35] But Reddy elected not to amend her complaint. Because Reddy has declined the court's repeated invitations to substitute NTS, and the court may not allow a case to go forward against a nonexistent party,[36] the court now DISMISSES Focus Infomatics as a defendant.

## III. THE INDIVIDUAL DEFENDANTS ARE DISMISSED FROM THIS CASE.

During the pre-trial hearing, the parties also presented arguments over whether the individual defendants were still in this case.[37] Reddy said the individual defendants were properly served, they consented to the court's jurisdiction, they should have answered her complaint and default judgment should be granted against them.[38] Nuance responded that the individual

---

[35] *See* Docket No. 223; Docket No. 226; Docket No. 256; Docket No. 258 ("[L]et me give you that clarification now. I would like a further amended complaint filed which substitutes Nuance Transcription Services for Focus, and I'd like that filed no later than this Friday at 5:00 o'clock. Once that amended complaint is filed . . . and served on Mr. Khalsa, I want Nuance Transcription Services to answer that no later than the following Tuesday at 5:00 o'clock. I don't see any reason to further delay this.").

[36] *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Gipson v. Wells Fargo Corp.*, Case No. 00-cv-2865-JMF, 382 F. Supp. 2d 116 at 117-118, 121 (D.D.C. 2005) (dismissing a no-longer-existing entity from case. Plaintiff was employed by Norwest Mortgage, Inc., which conducted business for, and later changed its name to, Wells Fargo Home Mortgage, Inc. Plaintiff attempted to sue her employer, alleging discrimination. Knowing her employer had changed its corporate name, she attempted to sue "Wells Fargo Corporation," and sought default when Wells Fargo Corporation did not respond. Wells Fargo & Company opposed her default. Plaintiff filed an amended complaint naming every corporate entity that could conceivably be her employer. The court outright dismissed Norwest, as the entity no longer existed.); *cf.* Cal. Civ. Proc. Code § 474 ("When the plaintiff is ignorant of the name of a defendant . . . no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it).' The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section. The foregoing requirements for entry of a default or default judgment shall be applicable only as to fictitious names designated pursuant to this section and not in the event the plaintiff has sued the defendant by an erroneous name").

[37] *See* Docket No. 256.

[38] *See id.*

6
Case No. 5:11-cv-05632-PSG
ORDER CLARIFYING CLAIMS AND PARTIES

defendants specially appeared, were never served, did not waive service and should be dismissed.[39] Once again, the parties' history and this case's record is instructive.

On February 2, 2012, Reddy requested that the Clerk enter default of the individual defendants.[40] In her request, Reddy noted that the summons and complaint were served "on the person in charge of the office for which each of the defendants worked, Ms. Nancy Newark, Legal Counsel—Employment, at Nuance Communications, Inc., as well as by service of a duplicate sent via Certified Mail with Return Receipt on December 30, 2011."[41] The Clerk declined default as to Diane Coffey[42] and granted default as to Paul Ricci, Jeanne Nauman, Catherine Dorchuk, Richard Nardone, John Hagen and Matthew Liptak.[43] Ricci, Nauman, Dorchuk and Coffey then specially appeared and objected to Reddy's proof of service and the Clerk's entry of default, contending Reddy had not properly effectuated service under Fed. R. Civ. P. 4[44] and they had not waived service.[45]

---

[39] *See id.*

[40] *See* Docket No. 24.

[41] *See id.* at 2-3; Docket No. 25 at ¶ 5. Reddy received receipts of service. *See* Docket Nos. 28-34.

[42] *See* Docket No. 36 (finding no summons returned executed).

[43] *See* Docket No. 37. These entries of default were returned undeliverable as addressed to Liptak, Nardone, Dorchuck, Hagan and Nauman. *See* Docket Nos. 41, 42, 53, 54, 55. Reddy later entered a summons returned executed as to Coffey and renewed her request for the Clerk to enter default. *See* Docket Nos. 44, 47.

[44] *See* Docket No. 39 at 2-3, 5; Fed R. Civ. P. 4(e) ("An individual within a judicial district of the United States may be served by (1) following state law for serving a summons (Fed. R. Civ. P. 4(e)(1)); (2) delivering a copy of the summons and complaint to the individual personally (Fed. R. Civ. P. 4(e)(2)(A)); (3) leaving a copy of each the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there (Fed. R. Civ. P. 4(e)(2)(B)); or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process (Fed. R. Civ. P. 4(e)(2)(C)).")

[45] *See* Docket No. 64 at 1, 3 ("On January 5, 2012, Plaintiff advised counsel that she had accomplished service on December 30, 2012. (Declaration of Joshua Wagner ("Wagner Decl.", ¶ 2; Exhibit 1.) That same date, defense counsel requested that Plaintiff provide the proofs of service. (Wagner Decl., ¶ 3; Exhibit 2.) The following day, defense counsel was able to review the documents that Plaintiff indicated constituted service, and determined that service had not been

Reddy nonetheless moved for an order of default judgment from the court.[46] She contended the four objecting individual defendants could not specially appear, their objections were untimely and waived, service was proper and they could not "open up their default."[47] Reddy also emphasized that her service was sufficient given the circumstances—lack of communication with opposing counsel, lack of awareness of personal residences and pressing court deadlines.[48]

In its orders responding to the parties conflicting motions, the court found no support for Reddy's proposition that judgment should be entered because Nuance failed to substitute itself for the individual defendants who allegedly acted in their official capacities.[49] The court was also persuaded that Reddy did not serve the individual defendants in accordance with either the federal or state provisions for services recognized by Fed. R. Civ. P. 4.[50] The court granted the individual defendants' motion to set aside the default and denied Reddy's motion for default judgment.[51]

Once again, Reddy moved to set aside and vacate the court's order and moved for default judgment against the individual defendants.[52] The individual defendants moved to dismiss for

---

validly accomplished. (Wagner Decl., ¶ 4.) On January 6, 2012, defense counsel sent a courtesy email to Plaintiff advising her of the defective service. (Wagner Decl., ¶ 5; Exhibit 3.) On February 3, 2012, Plaintiff filed the proofs of service with respect to the Individual Defendants. (See Docket Nos.: 26-34.) That same day, Plaintiff filed a Request with the Clerk to Enter Default against the Individual Defendants[.] (Docket No.: 25.) Notably, the Request for Entry of Default filed with the Clerk stated that each of the Individual Defendants had been served with a summons").

[46] *See* Docket Nos. 45, 46.

[47] *See* Docket No. 50 at 2-3.

[48] *See* Docket No. 66 at 1-3; *see also* Docket No. 71.

[49] *See* Docket No. 76 at 2.

[50] *See* Docket No. 85.

[51] *See id.*

[52] *See* Docket Nos. 86, 87, 89.

8
Case No. 5:11-cv-05632-PSG
ORDER CLARIFYING CLAIMS AND PARTIES

improper service, or in the alternative, requested that the court issue an order to show cause why the case should not be dismissed for failure to serve.[53]

The court denied Reddy's motion for reconsideration—styled to set aside default and for default judgment—for failure to meet the specific showings required.[54] The court further denied Reddy's second motion for default judgment against the individual defendants for the same reason.[55] Reddy still had not properly served the individual defendants.[56] Recognizing the individual defendants had not made a voluntary general appearance and that the court had limited power because the individual defendants had not consented to magistrate jurisdiction, the court granted the individual defendants' request for an order to show cause and set a deadline of October 5, 2012 for Reddy to properly serve the individual defendants.[57] The court held that "[i]f service is not effectuated by October 5, 2012, the complaint against the Individual Defendants will be dismissed without prejudice."[58]

But rather than properly serving the individual defendants, one week before her deadline, Reddy appealed to the Ninth Circuit as to the court's order to serve the individual defendants and other orders.[59] This was in vain, because she had not received certification for an interlocutory appeal.[60] On the October 5, 2012 deadline, again rather than properly serving the individual

---

[53] *See* Docket No. 98.

[54] *See* Docket No. 116 at 2.

[55] *See* Docket No. 118 at 2.

[56] *See id.*

[57] *See* Docket No. 119 at 4 (noting that the court could not grant the individual defendants' motion to dismiss, since they had not consented to magistrate jurisdiction).

[58] *Id.*

[59] *See* Docket Nos. 122, 123, 124.

[60] *See* Docket No. 135 at 2; Docket Nos. 141, 148.

9
Case No. 5:11-cv-05632-PSG
ORDER CLARIFYING CLAIMS AND PARTIES

defendants, Reddy challenged to the court's order.[61] She asserted that the court's ruling was prejudicial, the individual defendants voluntarily consented to magistrate jurisdiction rendering the court's order to re-serve moot and the pending appeal should stay enforcement of the court's order to re-serve the individual defendants.[62] The court declined to stay the case as Reddy's appeal was frivolous,[63] and the Ninth Circuit denied her appeal for lack of jurisdiction.[64]

In the end, Reddy never properly served the individual defendants. Her complaints against them therefore are dismissed.[65]

Nuance is the sole remaining Defendant.

**SO ORDERED.**

Dated: August 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[61] *See* Docket No. 132 at 2-4.

[62] *See id.*

[63] *See* Docket No. 135 at 2.

[64] *See* Docket Nos. 141, 148.

[65] *See* Docket No. 119 at 4.