UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No. 5:11-cv-05632-PSG |
| Plaintiff, | **OMNIBUS ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| NUANCE COMMUNICATIONS, INC. et al., | (Re: Docket Nos. 153, 154, 156, 157, 159, 168, 169, 170, 171, 172, 173, 174, 177) |
| Defendants. | |

Before the court are Plaintiff Krishna Reddy and Defendants Nuance Communications, Inc. et al.'s motions in limine.[1] The parties appeared last week at a pre-trial conference and supplemented their briefing on the motions with oral argument.[2]

As a preliminary matter, and as previewed at the hearing, the court provides the following guidance on trial procedures. The trial will begin on September 8, 2015. Each side will have no more than 10 hours of trial time, including opening and closing arguments. Opening and closing arguments are limited to no more than 60 minutes per side. The parties shall meet and confer regarding evidence and demonstratives each day before they move to admit that evidence or use

---

[1] *See* Docket Nos. 153, 154, 156, 157, 159, 168, 169, 170, 171, 172, 173, 174, 177.

[2] *See* Docket No. 256.

1
Case No. 5:11-cv-05632-PSG
OMNIBUS ORDER RE:  MOTIONS IN LIMINE

those demonstratives.  This will enable the court to address any issues from 8:00 a.m. to 9:00 a.m. each morning before trial.  The jury will be in session from 9:00 a.m. to 5:00 p.m.  On the first day of trial, the undersigned will conduct the voir dire.  The court and the parties will then meet and dismiss jurors based on hardship, cause and preemptory challenges.  Opening arguments will take place on the first day of trial immediately following voir dire.  The court will hold a charge conference covering the jury instructions and verdict form at the end of the second day of trial.

As for the motions in limine, also as previewed at the hearing, the court GRANTS-IN-PART and DENIES-IN-PART the requested relief, as explained below.

**A.    Docket Nos. 153, 159, 174:  Reddy's MIL Nos. 1 and 5 to preclude Nuance from disclosing Reddy's prior lawsuits and vexatious litigant designations in unrelated cases; Nuance's MIL No. 7 to permit Nuance to introduce evidence of Reddy's litigation history**

Reddy seeks to exclude disclosure of her prior lawsuits and vexatious litigant designations in unrelated cases.[3]  She contends such evidence is irrelevant and prejudicial pursuant to Fed. R. Evid. 103(d), 403 and 404.  Nuance responds that the evidence should be admitted under Fed. R. Evid 404(a)[4] to show proof of Reddy's motive, opportunity, intent, preparation and plan to claim discrimination as a defense, or alternatively under Fed. R. Evid. 608(a)[5] as evidence of Reddy's character for truthfulness.

---

[3] *See* Docket Nos. 153, 159.  *See also*  Docket No. 184 at 2.  Since 1993, Reddy has filed multiple lawsuits against apparently every employer she has worked for during the same period.  The record shows that Reddy has filed in excess of 20 pro se lawsuits against her former employers, including Redlands Community Hospital, Loma Linda Community Hospital, MedQuist, Gilbert Medical Transcription Service, WebMedx and the instant action.  *See* Case No. 5:12-cv-01324-PSG, Docket No. 121 at 7-14, Order Deeming Plaintiff a Vexatious Litigant.  Each case has included a claim of employment discrimination.  *See id.* at 7, 9-12.  To date, Reddy has not prevailed in a single action, and instead, her suits have been found frivolous, and she has been declared a vexatious litigant on at least four occasions.  *See id.*  at 13-14.

[4] *See* Docket No. 184 at 3.

[5] *See* Docket Nos. 174, 184.

2
Case No. 5:11-cv-05632-PSG
OMNIBUS ORDER RE:  MOTIONS IN LIMINE

Information regarding Reddy's unrelated suits and vexatious litigant designations might be relevant to this case, but it would be and highly prejudicial.[6] However incredible her previous suits may have been, they do not sufficiently bear on the circumstances here to warrant the obvious prejudice Reddy will suffer.[7] Unless Reddy herself specifically insinuates that she has had no previous suits or designations as a vexatious litigant, Reddy's motion to exclude is GRANTED, and Nuance's motion is DENIED.

**B.   Docket No. 154:  Reddy's MIL No. 2 to preclude Nuance from introducing evidence of failure to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1); and for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i-vi)**

Reddy claims Nuance did not serve any initial disclosures.[8] Reddy therefore seeks to preclude Nuance from introducing "any evidence or testimony during trial,"[9] or evidence of "the fact that [Reddy] had sought to exclude Nuance's evidence, or to any ruling on the motion *in limine* by the Court, with sanctions to be imposed for any violations of the order *in limine* with a default judgment for the amount sought against each of the defendants and recommendations to the State Bar of California for disciplinary proceedings against their attorneys."[10] Though Nuance says it sent initial disclosures on the March 6, 2012 deadline to the address Reddy provided,[11] Reddy

---

[6] *See* Fed. R. Evid. 403.

[7] *See Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001) (upholding exclusion at trial of evidence of plaintiffs' other pending lawsuits); *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1227 (10th Cir. 2000) (holding that the district court should have excluded evidence of other lawsuits as irrelevant).

[8] *See* Docket No. 154 at 1; *but see* Docket No. 218, Ex. A at 7-8.  As addressed in her MIL No. 4, Reddy also notes that Nuance filed a partial answer late, without leave, after discovery closed. *See* Docket No. 102.

[9] *See* Docket No. 154 at 4 (citing Fed. R. Civ. P. 26(a)'s mandatory disclosures).

[10] *See id.* at 8.

[11] Docket No. 218, Ex. A at 7-8.

3
Case No. 5:11-cv-05632-PSG
OMNIBUS ORDER RE:  MOTIONS IN LIMINE

contends this service was invalid.[12] She claimed the initial disclosures were still missing nine months after the deadline.[13]

Under Fed. R. Civ. P. 37(c), the court has discretion to sanction a party who fails to disclose. In light of the proof of service filed by Nuance, the court is satisfied that Reddy had fair notice of the information required by Fed. R. Civ. P. 26(a).[14] Reddy's motion to exclude all of Nuance's evidence and for further sanctions is DENIED.

### C. Docket No. 156: Reddy's MIL No. 3 to preclude Nuance from substituting for Defendant Focus Infomatics, Inc. or asserting Nuance was Reddy's employer

Because the court has clarified that Focus has been dismissed,[15] Reddy's motion to preclude Nuance from substituting for Focus is DENIED AS MOOT.

### D. Docket No. 157: Reddy's MIL No. 4 to exclude Nuance's partial defenses

Reddy moves to exclude Nuance's partial defenses in its answer as well as its other pleadings that Reddy maintains were late and to limit Nuance's defenses at trial to the "two-and-a-half" causes of action Nuance responded to in its partial motion to dismiss.[16] Reddy asserts that because of Nuance's late filing, she was unable to pursue discovery.[17]

The court has addressed this issue on several prior occasions.[18] As the court explained before, Nuance has responded to each of Reddy's claims in this case.[19] Reddy also had a fair

---

[12] *See* Docket No. 218 at 2.

[13] *See* Docket No. 185 at 1.

[14] *See* Docket No. 218, Ex. A at 7-8.

[15] *See* Docket No. 259.

[16] *See* Docket No. 157 at 1.

[17] *See id.* at 2.

[18] *See* Docket Nos. 76, 115, 161, 259.

[19] *See* Docket No. 76 (providing Reddy a March 30, 2012 deadline to file an amended complaint, and Nuance 14 days to answer after the filing of that amended complaint); Docket No. 102 (answering on September 4, 2012); Docket No. 115 at 3 (denying Reddy's motion for reconsideration because Nuance's time to answer was extended and Reddy did not meet the

4
Case No. 5:11-cv-05632-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

opportunity to take discovery on those claims that survived, and Reddy showed no prejudice from Nuance's delay.[20] Her broader contentions that Nuance's defenses are "not viable" are matters properly left to the jury.[21] Reddy's motion to exclude Nuance's partial defenses and "other belated pleadings" is DENIED.

**E.     Docket No. 168:  Nuance's MIL No. 1 to exclude all mention of insurance coverage**

Nuance seeks to preclude any evidence that Nuance is covered by an insurance policy or associated with an insurer, because such evidence is inadmissible and unfairly prejudicial.[22] Reddy cites *Larez v. Holcomb* for the proposition that "FRE 411 . . . applies only to evidence concerning 'liability insurance'" and is admissible when relevant to the issue of damages or punitive damages.[23] But that case stood only for the proposition that a "city's indemnification policy is not a policy of 'liability insurance'" in a Section 1983 case.[24] Nuance's motion to exclude is GRANTED.

**F.     Docket No. 169:  Nuance's MIL No. 2 to exclude evidence of Nuance's net worth**

Nuance moves to exclude any reference to Nuance's net worth or financial condition for purposes of damages unless the jury returns a verdict for Reddy finding that Nuance has been found guilty of malice, oppression or fraud.  Nuance contends such information is not probative

---

requirements for a motion for reconsideration);  Docket No. 161 at 1 (denying Reddy's motion to strike Nuance's answer as moot, the court having previously addressed the motion as well as a motion for reconsideration on the same issue).

[20] *See* Docket No. 61 (closing fact discovery August 15, 2012); Docket No. 135 at 2 (denying Nuance's motion to re-open discovery, noting the parties "elected at their own peril not to complete discovery.")

[21] *See* Docket No. 157 at 6.

[22] Fed. R. Evid. 401-403, 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully.").

[23] *Larez v. Holcomb*, 16 F.3d 1513, 1524 (9th Cir. 1994).

[24] *Id.*

and would be prejudicial.[25] Because the court declines to bifurcate the trial and Reddy claims she is entitled to punitive damages, the relevance of Nuance's net worth outweighs any prejudice.[26] Nuance's motion to exclude reference to its net worth is DENIED.

**G.    Docket No. 170:  Nuance's MIL No. 3 to exclude evidence beyond the scope of the EEOC charge**

Nuance seeks to preclude Reddy from referring to evidence beyond the scope of the Charge of Discrimination she filed with the Equal Employment Opportunity Commission.[27] Specifically, Nuance aims to preclude Reddy from any contentions that she was harassed and subject to a hostile work environment.[28] Nuance says that because Reddy's charge does not provide facts that would support a claim for harassment or hostile work environment, she has not exhausted her administrative remedies as to those claims.[29] Reddy responds that her charge does make mention of the harassment and hostile work environment she allegedly experienced at Focus.[30]

Nuance is correct that Reddy may not produce evidence outside the scope of her charge. But the charge clearly references discrimination, and the Ninth Circuit has consistently found that harassment and hostile work environment constitute discrimination.[31] Nuance's motion to exclude this evidence is DENIED.

---

[25] *See* Docket No. 169 at 3-4; Fed. R. Evid. 403.

[26] *See* Docket No. 197 at 4, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) (holding evidence of net worth is "typically considered in assessing punitive damages."); *see also White v. Ford Motor Co.*, 500 F.3d 963, 976-77 (9th Cir. 2007).

[27] *See* Docket No. 170 at 2.

[28] *See id.*; Fed. R. Evid. 403.

[29] *See* Docket No. 170 at 4.

[30] *See* Docket No. 198 at 2.

[31] *See* Docket No. 1 at 11-13, 26; Docket No. 22-2 at 49; Docket No. 155-6 at 2. *Cf. Nichols. v. Azteca Rest. Enterprises, Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) ("It is by now clear that sexual harassment in the form of a hostile work environment constitutes sex discrimination."); *Vasquez v. Cnty. Of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004) (holding sexual harassment cases relevant to cases of racial harassment).

### H. Docket No. 171: Nuance's MIL No. 4 to preclude Reddy from referring to Nuance CEO Ricci or calling him as a witness

Nuance moves to preclude Reddy from calling Nuance CEO Paul Ricci as a witness at trial or from offering into evidence comments or documents regarding Ricci.[32] Nuance says that Ricci has no knowledge of the facts of the case, and comments or documents about him are irrelevant and could only be used for an improper purpose.[33] Nuance argues that calling Ricci as an "apex witness" would only serve to harass him and disrupt his activities as chief executive.[34]

In her complaint, Reddy claims Ricci "had the authority to undo the illegal activities of the other individual defendants" but "chose not to do so, thus ratif[ying] after the fact, the actions of each of the other defendants."[35] Ricci also responded indirectly to an email by Reddy by directing the email to underlings.[36] Reddy says Ricci therefore is relevant to Reddy's theory that an officer of Nuance either condoned the acts of its employees and or acted negligently.[37]

Because evidence regarding Ricci would not unduly prejudice Nuance, Nuance's motion to preclude evidence referring to Ricci is DENIED. However, Nuance's request to preclude Reddy from calling Ricci as a witness is GRANTED. Ricci has been dismissed as a defendant and does not appear to know anything about the case. Reddy's ratification theory would require trial testimony by any corporate executive in any case. Allowing Reddy to call Ricci—when she did not even see to depose him—would be harassment.[38]

---

[32] *See* Docket No. 171 at 1.

[33] *See id.* at 2.

[34] *See id.*

[35] *See* Docket No. 1 at 10, 18-20.

[36] *See* Docket No. 171 at 12.

[37] *See* Docket No. 199 at 2, 3.

[38] *See* Fed. R. Evid. 403; *Siegel v. Warner Bros. Entertainment Inc.*, Case No. 04-cv-8400-SGL, Docket No. 478 at 15 (granting motion in limine to preclude the testimony of apex witness) (C.D. Cal. March 13, 2009); *cf. AB v. Ortho-McNeil-Janssen Pharmaceuticals Inc. et al.*, Case No.

**I.      Docket No. 172: Nuance's MIL No. 5 to exclude purported message board comments**

Nuance seeks to preclude Reddy from offering evidence of instant messenger chat sessions and posts from online messenger boards, on the grounds that they cannot be authenticated, are hearsay not subject to an exception, are irrelevant and risk confusing and misleading the jury.[39] Reddy seeks to include the exhibits because they are relevant to her theory that she is superior to colleagues who were promoted over her.[40]  Reddy says she can authenticate the exhibits because she was a participant of the instant messages and because in a declaration she attested to the message board messages' authenticity.[41]

Reddy need only make a prima facie showing of authenticity—the rule requires proof sufficient to support a finding that a reasonable juror could find in favor of the authenticity of the exhibits.[42]  Reddy may be able to lay a proper foundation.  The exhibits may survive a hearsay objection if offered not for the truth of the matter asserted.  Their potential relevance to Reddy's theory outweighs any potential prejudice to Nuance.  Nuance's motion to exclude the exhibits is DENIED.

**J.      Docket No. 173: Nuance's MIL No. 6 to exclude improper opinion testimony**

Nuance moves to preclude Reddy from making reference to or offering into evidence lay opinion testimony concerning whether she was categorized as "ineligible for rehire" following her

---

100100649-AJN, Control No. 12090793, Phila. Cty. Ct. Com. Pl. (Sept. 20, 2012) (precluding CEO of Johnson & Johnson from testifying in trial in response to motion to quash).

[39] *See* Docket No. 172 at 2.

[40] *See* Docket No. 199 at 2.

[41] *See id.* at 3 (providing the URLs http://www.mtstars.com/c-Mgmt-is-US-based-but-BAD--85571.html and http://www.mtstars.com/c-In-my-opinion-this-is-not-a-good-company--85929.html).

[42] *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (quoting 5 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 901(a) [01], at 901-16 to -17 (1983)).

8
Case No. 5:11-cv-05632-PSG
OMNIBUS ORDER RE:  MOTIONS IN LIMINE

May 7, 2009 lay-off.[43] Nuance says Reddy has no first-hand knowledge and no discovery that would permit her to testify whether her file was marked "ineligible for rehire."[44]

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.[45] "Personal knowledge" means knowledge of a fact perceived by the senses, by one who has had an opportunity to observe and must have actually observed the fact.[46] "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[47]

Reddy has not shown that she personally observed her categorization as "ineligible for rehire." Her opinion is not rationally based on her perception, and nor is it helpful to understanding her testimony or determining a fact in issue. In oral argument, Reddy represented to the court that she personally would not testify that she was categorized as "ineligible for rehire."[48] Nuance's motion to exclude Reddy's testimony that she was categorized as "ineligible for rehire" is GRANTED.

---

[43] *See* Docket No. 173 at 2.

[44] *See id.*

[45] *See* Fed. R. Evid. 602.

[46] *See* Fed. R. Evid. 602 advisory committee's note to 1972 proposed rules (citing McCormick § 10, p. 19).

[47] Fed. R. Evid. 701.

[48] *See* Docket No. 256.

**K.     Docket No. 177: Reddy's MIL No. 7 to call the individual named defendants and other witnesses associated with them as "hostile witnesses"**

Reddy seeks to call the individual named defendants and other associated witnesses as adverse party/identified with an adverse party "hostile witnesses" under Fed. R. Evid. 611.[49] While leading questions typically should not be use on direct examination, they may be employed when a party calls a hostile witness.[50] Nuance does not comment on whether Reddy should be able to call the witnesses as hostile, but only that a motion in limine is not the proper vehicle for Reddy to request the attendance of witnesses at trial.[51]

Nuance is right as a matter of procedure. But the court sees little reason not to resolve this dispute well before trial. Reddy's request is reasonable. With the exception of Ricci, who need not testify, Reddy's motion is GRANTED.

**SO ORDERED.**

Dated:  August 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[49] *See* Docket No. 177 at 2 (naming Ricci, Nauman, Dorchuck, Nardone, Hagen, Liptak and Coffey, as well as Edith Vargas, Kathy Barajas, Donna Russell, Deborah Sturges and Tammy Willets).

[50] *See* Fed. R. Evid. 611.

[51] *See* Docket No. 188 at 1-2.