UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>          Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC. et al.,<br><br>          Defendants. | Case No. 5:11-cv-05632-PSG<br><br>**ORDER DENYING 28 U.S.C. § 144 AFFIDAVIT OF DISQUALIFICATION AND NOTICE OF INTENT**<br><br>**(Re: Docket Nos. 261, 262)** |

Before the court are Plaintiff Krishna Reddy's ("Reddy") notice of intent to call the undersigned and Satsang Singh Khalsa ("Khalsa"), an attorney for Defendants, as hostile witnesses at trial, and Reddy's 28 U.S.C. § 144 affidavit requesting recusal of the undersigned.[1]  Reddy's request to call the undersigned and Khalsa as witnesses is DENIED.[2]  Because Reddy's Section

---

[1] Reddy previously filed a notice of intent to call the undersigned and Khalsa as hostile witnesses, as well as a total of three motions for disqualification in both this case and another case that was before the court, *Reddy v. Medquist, Inc*.  *See* Docket No. 214; Docket No. 152; Docket No. 193; Case No. 5:12-cv-01324-PSG (N.D. Cal. filed Mar. 16, 2012) at Docket No. 129.  Each such motion was denied.  *See* Docket No. 165; Docket No. 222; Case No. 5:12-cv-01324-PSG (N.D. Cal. filed Mar. 16, 2012) at Docket No. 133.

[2] *See* Docket No. 175 at 5:1-5.

1
Case No. 5:11-cv-05632-PSG
ORDER DENYING 28 U.S.C. § 144 AFFIDAVIT OF DISQUALIFICATION AND NOTICE OF INTENT

144 affidavit relies on the same reasoning provided in earlier motions to disqualify that were deemed meritless, Reddy's Section 144 motion for recusal also is DENIED.

## I.

28 U.S.C. § 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for such belief and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."[3] If the judge finds the Section 144 motion is timely and the affidavit is legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter.[4] However, where the affidavit is not legally sufficient, the judge to whom the motion is directed may determine the matter, and recusal is denied.[5] An affidavit is legally insufficient if it fails to allege "facts that fairly support the contention that the judge exhibits bias or prejudice toward the affiant that stems from an extrajudicial source."[6] This is a high bar: "[t]he requirements of § 144 are strictly construed to prevent abuse, because the statute is heavily weighted in favor of recusal."[7]

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[8]

---

[3] *Id.*

[4] *See id.*

[5] *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *Walker v. Hedgpeth*, Case No. C 09–05055 SBA (PR), 2009 WL 4676227, at *1 (N.D. Cal. 2009).

[6] *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

[7] *Marks v. Askew*, Case No. C 11-3851 SBA, 2012 WL 70623 (N.D. Cal. Jan. 9, 2012); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004).

[8] *See* Docket No. 17; Docket No. 121.

### III.

Reddy's motions fail as follows.

***First***, Reddy's Section 144 affidavit repeats the reasoning provided in similar motions to disqualify the undersigned in this case and in *Medquist*.[9] The primary difference between the instant motion and the prior motions is that the prior motions were brought pursuant to 28 U.S.C. § 455.[10] Her allegations of bias are otherwise the same. Namely, Reddy alleges that the undersigned is biased against her based on his earlier rulings, including the order granting Defendants' partial motion to dismiss and denying Reddy's cross-motion, the orders denying Reddy's earlier motions for disqualification, and an order in her case against Medquist declaring her a vexatious litigant.[11] Because these rulings were based on facts introduced in the course of the respective proceedings, they do not offer grounds for recusal.[12]

***Second***, Reddy again claims that the undersigned improperly incorporated the arguments of her adversaries verbatim, without considering her arguments, due to bias or prejudice against her.[13] Because Reddy's assertions about what the undersigned did and did not consider are not correct, this basis remains insufficient to warrant recusal.

***Third***, Reddy claims yet again that the undersigned and one of the attorneys representing Defendants share common religious beliefs, and therefore must be related by blood.[14] As

---

[9] *Cf.* Docket No. 261 *with* Docket No. 152; Docket No. 193; Case No. 5:12-cv-01324-PSG (N.D. Cal. filed Mar. 16, 2012) at Docket No. 129.

[10] *Cf.* Docket No. 261 at ¶ 2 *with* Docket No. 152 at 1; Docket No. 193 at 2; Case No. 5:12-cv-01324-PSG (N.D. Cal. filed Mar. 16, 2012) at Docket No. 129 at .

[11] *See* Docket No. 261 at ¶¶ 8, 10-13.

[12] *See Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also Sibla*, 624 F.2d at 868.

[13] *See* Docket No. 261 at ¶ 8.

[14] *See id.* at ¶¶ 3, 6.

3
Case No. 5:11-cv-05632-PSG
ORDER DENYING 28 U.S.C. § 144 AFFIDAVIT OF DISQUALIFICATION AND NOTICE OF INTENT

previously stated by both the undersigned and the attorney, this claim is false.[15]  The undersigned is not related to the Defendants' attorney in any way.

*Fourth*, this is the second notice of intent to call the undersigned as a hostile witness, on the grounds that he issued an order deeming her a vexatious litigant, and that the court appears to be advising the Defendants on their trial strategy.[16]  Once again, Reddy is mistaken: the court is not advising anyone on trial strategy.  In addition, Reddy may not call the presiding judge or opposing counsel as witnesses, hostile or otherwise, as neither possesses personal knowledge of evidence relevant to the issues to be tried.  Furthermore, Reddy failed to identify either the undersigned or Khalsa on her list of witnesses to be called in the parties' Joint Pretrial Statement.[17]

## IV.

Reddy has failed to show facts fairly supporting her contention that the undersigned exhibits bias or prejudice toward her stemming from an extrajudicial source.  Her Section 144 affidavit and request for recusal accordingly is DENIED.  Her request to call the undersigned and Khalsa as hostile witnesses, and thereby secure recusal of the undersigned, also is DENIED.  Finally, trial is scheduled to begin next Tuesday, September 8, 2015.  The court expects all parties to be present in the courtroom next Tuesday, September 8, 2015, at 8 a.m., and jury selection will begin promptly at 9 a.m.  The parties are warned that if for any reason trial does not proceed as scheduled, and the jury is summoned for no purpose, the court will hold the party responsible for the delay by taxing the amount of full costs.  The court also may impose further sanctions as necessary.

---

[15] *See* Docket No. 165 at 3; Docket No. 160 at 2.

[16] *See* Docket No. 262 at 2; *see also* Docket No. 214 (stating Reddy's intent to call the undersigned and counsel for the defendants as hostile witnesses at trial).

[17] *See* Docket No. 175 at 5:1-5.

4
Case No. 5:11-cv-05632-PSG
ORDER DENYING 28 U.S.C. § 144 AFFIDAVIT OF DISQUALIFICATION AND NOTICE OF INTENT

**SO ORDERED.**

Dated: September 2, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge