1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY, | Case No. 5:11-cv-05632-PSG |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | **(Re:  Docket No. 267)** |
| NUANCE COMMUNICATIONS, INC. et al., | |
| Defendants. | |

Plaintiff Krishna Reddy ("Reddy") requests that the trial scheduled to begin in four days be taken off calendar.[1]  This request is DENIED.  Instead, this case is dismissed with prejudice for failure to prosecute.  Furthermore, the court shall entertain a motion by Defendant Nuance Communications, Inc. for fees and costs incurred since the final pretrial conference.

## I.

28 U.S.C. § 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must state the facts and reasons for such belief and "shall be accompanied by a certificate of counsel of record stating that it is made in good

---

[1] *See* Docket No. 267 at 2:8-11.

1

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE

faith."[2]  The "judge against whom an affidavit of bias is filed may pass on its legal sufficiency."[3]

If the judge finds the Section 144 motion is timely and the affidavit is legally sufficient, the judge

must proceed no further and another judge must be assigned to hear the matter.[4]  However, where

the affidavit is not legally sufficient, recusal is denied.[5]

      To be legally sufficient, an affidavit must "specifically allege[] facts that fairly support the

contention that the judge exhibits bias or prejudice . . . that stems from an extrajudicial source."[6]

"Adverse rulings do not constitute the requisite bias or prejudice of § 144."[7]  Moreover, while the

judge "is generally required to accept the truth of the factual assertions in" a Section 144 affidavit,

this is not the case where the allegation of bias "relates to facts that [are] peculiarly within the

judge's knowledge."[8]  In those situations, where "the judge knows the allegations to be false,

recusal is unnecessary."[9]

      Since June of this year, this case has been scheduled for trial on September 8, 2015.[10]

Nonetheless, a bare eleven days before trial, Reddy filed a Section 144 affidavit requesting that the

---

[2] *Id.*

[3] *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

[4] *See id.*

[5] *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *Walker v. Hedgpeth*, Case No. C 09–05055 SBA (PR), 2009 WL 4676227, at *1 (N.D. Cal. 2009).

[6] *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

[7] *Azhocar*, 581 F.2d at 739.

[8] *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558, (1984).

[9] *Greenfield v. Brenner*, No. CV-05-5120-LRS, 2006 WL 776772, at *3 (E.D. Wash. Mar. 23, 2006) (citing *Ronwin*, 686 F.2d at 701).

[10] *See* Docket No. 248 at 1:22.

2

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE

United States District Court
For the Northern District of California

undersigned both recuse himself and take the trial off calendar.[11]  The court denied both requests, finding that the Section 144 affidavit was legally insufficient.[12]  Reddy again moved to have the trial taken off calendar, arguing that the court improperly weighed the truth or falsity of her Section 144 allegations.[13]  She also stated that she was "unable to travel to San Jose for trial" due to "health reasons" and the "defective" condition of her "27-year-old car."[14]  The court also denied this request to delay the trial.[15]  Yesterday, Reddy notified the court that she had filed a petition for writ of mandamus with the Court of Appeals for the Ninth Circuit, and once more requested that the court take the trial—now five days away—off calendar.[16]

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[17]

## III.

Reddy's request is denied as follows.

**First**, in its earlier order, the court properly evaluated the legal sufficiency of the Section 144 affidavit.  Reddy's allegations of bias repeated arguments made in her preceding three motions for recusal, and were based on the court's prior orders in this case and another case that Reddy had

---

[11] *See* Docket No. 261 at 9:5-9.

[12] *See* Docket No. 263.

[13] *See* Docket No. 264 at 4:19-6:15, 6:16-7:17.

[14] *Id.* at 7:3-4.

[15] *See* Docket No. 266.

[16] *See* Docket No. 267 at 2:1-11.

[17] *See* Docket No. 17; Docket No. 121.

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE

**United States District Court**
For the Northern District of California

before the court.[18]  Those orders variously denied Reddy's previous motions for the disqualification of the undersigned; granted Defendants' partial motion to dismiss; declared Reddy a vexatious litigant; and stated that the undersigned was neither related to Defendants' counsel nor advising Defendants on trial strategy.[19]  The Ninth Circuit is clear that allegations of bias or prejudice in a Section 144 affidavit may not rest on the court's prior adverse rulings against the affiant, making Reddy's affidavit legally insufficient.[20]

     ***Second***, to the extent that the court once more considered the truth of the allegations that the undersigned is related to Defendants' counsel and advising Defendants on trial strategy, the court properly did so.  Those allegations "relate[] to facts that [are] peculiarly within the judges' knowledge," [21] and because the court knows these allegations to be false, "recusal is unnecessary."[22]  Indeed, the Ninth Circuit specifically addressed allegations similar to Reddy's in *Ronwin v. State Bar of Arizona*.  There, as here, the Section 144 affidavit alleged that the judge had engaged in ex parte communications with defense counsel.[23]  The Ninth Circuit ruled that the judge was within his discretion in denying the Section 144 motion, since the alleged facts indicating the judge's prejudice "were peculiarly within the judge's knowledge."[24]

     ***Third***, Reddy has made it abundantly clear that she has no interest in appearing for trial or otherwise prosecuting her case.

---

[18] *See* Docket No. 263 at 3:3-4.

[19] *See id.* at 3:6-4:5.

[20] *Azhocar*, 581 F.2d at 739.

[21] *Ronwin*, 686 F.2d at 701.

[22] *Greenfield*, 2006 WL 776772, at *3.

[23] *See* 686 F.2d at 701.

[24] *Id.*

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE

In the Ninth Circuit, a district court must weigh the following factors in deciding to dismiss a case for failure to prosecute: "[1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits."[25]  "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."[26]  Whatever interest there may be in disposing of any case on the merits, here the other factors overwhelmingly favor dismissal.  The court twice warned Reddy that she was expected to be present and ready for trial on Tuesday, September 8, 2015, and that failure to appear could result in sanctions, including dismissal with prejudice or costs.[27]  Reddy's response was to file two requests to take the trial off calendar, and state that she was unable to come to trial.[28]  Consistent with her history as a vexatious litigant,[29] Reddy's litany of excuses and ad hominem attacks makes clear she has no interest in pursuing the merits of her claims in this case.  At the same time, the court has no interest in wasting the time and expense of prospective jurors and

---

[25] *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979*), cert. denied*, 444 U.S. 931 (1979).

[26] *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

[27] *See* Docket No. 263 at 4:17-23; Docket No. 266 at 1:21-23.

[28] *See* Docket No. 264; Docket No. 267.

[29] *See Reddy v. MedQuist, Inc., et al.*, Case No. 5:12-cv-01324-PSG (N.D. Cal. filed Mar. 16, 2012) at Docket No. 121 (order declaring Reddy vexatious litigant), *aff'd sub nom. Reddy v. Cbay Sys. Holdings, Ltd.*, 584 F. App'x 411, 412 (9th Cir. 2014), *cert. denied sub nom. Reddy v. MedQuist, Inc.*, 135 S. Ct. 2056 (2015); *see also Reddy v. Homeside Lending, Inc., et al.*, Case No. CV 99-4431 ABC (SH) (C.D. Cal. Mar. 28, 2001) (ordering Clerk of the Court not to accept filings from Reddy against various entities arising out of her termination of employment), *aff'd*, Case No. 01-55812 (9th Cir. Sept. 14, 2001); *Reddy v. Superior & Municipal Court of California of San Bernardino, et al.*, Case No. CV SA 97-923-AHS (SH) (C.D. Cal. Dec. 17, 1998) (ordering Clerk of the Court not to accept filings from Reddy against various entities arising out of her termination of employment), *aff'd sub nom. Reddy v. Stotler*, 114 F. App'x 905 (9th Cir. 2004); *Reddy v. Redlands Community Hospital, et al.*, Case No. SCV 06542 (San Bernardino Cty. Super. Ct. Nov. 21, 1996) (Superior Court order declaring Reddy vexatious litigant).

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE

United States District Court
For the Northern District of California

everyone else associated with the trial.  The taxpayers that fund our courts deserve better than that.

Reddy's case therefore is dismissed with prejudice.

## IV.

Reddy's case is DISMISSED with prejudice for failure to prosecute.  The court invites

Defendant to submit a motion for fees and costs incurred since the final pretrial conference.

**SO ORDERED.**

Dated:  September 4, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

6

Case No. 5:11-cv-05632-PSG
ORDER DISMISSING CASE