UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISHNA REDDY,<br><br>    Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC., et al.,<br><br>    Defendants. | Case No. 5:11-cv-05632-PSG<br><br>**ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>**(Re: Docket No. 271)** |

Plaintiff Krishna Reddy requests leave to appeal nearly every order entered in this case in forma pauperis.[1]  Because the court finds that the appeal is not taken in good faith, the motion is DENIED.

**I.**

In late 2011, Reddy sued Defendants Nuance Communications, Inc., et al. and asserted ten claims: (1) employment discrimination, (2) wrongful termination in violation of public policy, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) promissory estoppel, (6) fraud, deceit, and civil conspiracy, (7) intentional and negligent interference with contract and prospective economic advantage, (8) violation of California Labor Code sections 1050 and 1052, (9) intentional and negligent infliction of emotional distress, and (10) unconstitutional

---

[1] *See* Docket Nos. 271, 272.

1
Case No. 5:11-cv-05632-PSG
ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL

offshoring of confidential medical information of the citizens of the United States.[2] After multiple rounds of motions to dismiss, summary judgment and appeal to the Ninth Circuit, only claims one, two and five, and claim nine's allegations of negligent infliction of emotional distress remain, and Nuance is the sole defendant.[3] Trial was set for September 8, 2015.[4]

Fewer than two weeks before the start of trial, Reddy filed a 28 U.S.C. § 144 affidavit of bias requesting the recusal of the undersigned, as well as a notice of intent to call both the undersigned and counsel for Nuance as witnesses at trial.[5] When the court denied both requests and warned Reddy that trial would proceed as scheduled,[6] Reddy requested that the trial be taken off calendar due to the bias of the undersigned and that the undersigned recuse himself.[7] When the court denied this motion and repeated its warning that failure to try the case as scheduled would result in sanctions,[8] Reddy petitioned the Ninth Circuit for a writ of mandamus and renewed her request to take the trial off calendar.[9] Given Reddy's demonstrated intent to avoid proceeding with trial as scheduled, the court then dismissed the case with prejudice for failure to prosecute[10] and

---

[2] *See* Docket No. 1.

[3] *See* Docket No. 259 at 1-4, 10.

[4] *See* Docket No. 248 at 1.

[5] *See* Docket Nos. 261, 262.

[6] *See* Docket No. 263 at 4.

[7] *See* Docket No. 264.

[8] *See* Docket No. 266 at 1.

[9] *See* Docket No. 267.

[10] *See* Docket No. 268 at 6.

entered judgment.[11] Reddy then moved to alter judgment,[12] appealed virtually every substantive order issued in this case to the Ninth Circuit[13] and moved for leave to appeal in forma pauperis.[14]

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[15]

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Courts in this district have determined that "not taken in good faith" means "frivolous."[16] If the appeal as a whole is frivolous, IFP status should not be granted.[17]

## III.

Applying the standard as set forth above, Reddy's motion is denied as follows.

*First*, the Ninth Circuit declared that Reddy's notice of appeal is ineffective due to her pending motion to alter judgment.[18] Once this court has ruled on the pending motion, Reddy must

---

[11] *See* Docket No. 269.

[12] *See* Docket No. 270.

[13] *See* Docket No. 272.

[14] *See* Docket No. 271.

[15] *See* Docket Nos. 17, 121.

[16] *See Morris v. Lewis*, Case No. 4:10-cv-5640-CRB-PR, 2012 WL 1549535, at *3 (N.D. Cal. Apr. 30, 2012) (quoting *Ellis v. United States*, 356 U.S. 674, 674-75 (1958)) (finding an appeal to be frivolous where it had no valid grounds on which it was based and equating "frivolous" to mean not "taken in good faith").

[17] *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that 28 U.S.C. § 1915(a) requires IFP status to be authorized for an appeal as a whole and not on a piecemeal basis).

[18] *See Krishna Reddy v. Nuance Communications, Inc., et al*, Case No. 15-16994 (9th Cir. Oct. 13, 2015).

file an amended notice of appeal.[19]  The motion for leave to appeal in forma thus is moot, pending resolution of the motion to alter judgment.

*Second*, Reddy's appeal is frivolous.  Reddy has shown no desire to prosecute this case.  After the Ninth Circuit rejected Reddy's earlier appeal,[20] she failed to take action for months until the court ordered her to show cause why the case should not be dismissed for failure to prosecute.[21]  She then attempted to delay trial four times through assorted tactics,[22] despite being on notice that failure to prosecute would result in sanctions.[23]  Further showing Reddy's lack of good faith in pursuing appeal, her current appeal challenges an order that the Ninth Circuit previously affirmed.[24]  Additionally, her motion to alter judgment repeats the same worn attacks that the undersigned is biased against her, related to defense counsel and disqualified under Section 144[25] that the court already rejected.[26]  In short, Reddy has not presented any compelling arguments that suggest that she is entitled to relief of any kind, and based on the record in this case, the court sees no reason that she can do so on appeal.

**SO ORDERED.**

Dated: October 16, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See id.*

[20] *See* Docket No. 236.

[21] *See* Docket No. 237.

[22] *See* Docket Nos. 261, 262, 264, 267.

[23] *See* Docket No. 263 at 4; Docket No. 266 at 1.

[24] *See* Docket No. 272 at ¶ 17 (appealing Docket No. 228, order denying motion for appointment of counsel and to proceed in forma pauperis); Docket No. 236 (order of the Ninth Circuit affirming Docket No. 228).

[25] *See* Docket No. 270 at 5-6.

[26] *See* Docket Nos. 263, 266, 268.

4
Case No. 5:11-cv-05632-PSG
ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL